MICHAEL SMELSER, SYNDIC, *v.* REBECCA WILLIAMS and others.

A new trial may be prayed for after three judicial days have elapsed since the judgment was pronounced, provided it has not been signed.  C. P. 546. 548.

Decision in *Chandler et al.* v. *Barker*, 13 La. 316, overruled.

The interrogatories to be propounded to a witness, under a commission, were served on defendants' counsel, who declined to add any cross-interrogatories, but reserved the right of having legal notice of the time of taking the answers of the witness. Notice was not given to defendants' counsel; but the commissioner certified that he gave *timely notice* to the defendants, without showing how it was given, or upon whom it was served. *Held,* that defendants having an attorney on record, who had reserved the right of notice, such notice should have been given to him, that he might be present at the taking of the testimony, and that the deposition was inadmissible.  C. P. 434.

Parol evidence is inadmissible to prove a sale of real estate.

Evidence not produced on the trial below, cannot be brought before the Supreme Court on appeal.

APPEAL for the District Court of St. Helena, *Jones J.*

SIMON, J.  This is a petitory action.  The plaintiff represents that he is the syndic of his own insolvent estate ; that among the property surrendered by him to his creditors, was a tract of land lying on the river Amité, in the parish of St. Helena, containing 640 acres ; that subsequently to the said surrender, Williams, the original defendant, illegally obtained possession of the said tract and held possession of the same, and has received the rents and profits thereof up to this time, to the amount of $3000.

Williams first pleaded the general issue, and denied the plaintiff's alleged right to the land sued for, and particularly his, (Williams,) being in possession of the land described in the petition. He further averred, that the plaintiff has no right to the tract of land possessed by him, the respondent, and situated in the parish of St. Helena, on the river Amité ; that he is the owner and possessor thereof by a good and sufficient title purchased from one John Carroll, and that Carroll purchased the same at sheriff's sale as shown by the sheriff's deed.  He avers further that should his first pleas not avail him, he is entitled to judgment for the sum of $5000, which is the value of the improvements by him put upon the land.  He also pleads the prescriptions of one and ten years,

which are based upon his good faith and upon his having a title translative of property; and concludes by praying that the plaintiff's demand may be rejected, •or that if plaintiff recovers the land, he be decreed to pay for the value of the improvements.

The death of the defendant having been suggested, the suit was revived against his widow and heirs, who, having been made parties thereto, adopted as their answer, the answer filed by the original defendant, and prayed for a trial by jury.

The jury having returned a verdict in favor of the plaintiff for the land as described in his petition, judgment was rendered thereon accordingly; from which the defendants have appealed.

Previous to the signing of the judgment, but on the sixth judicial day after the verdict of the jury had been rendered, the defendants moved for a new trial, which motion was overruled by the court, on the ground that it came too late.

The motion was made on the sixth judicial day after the verdict was rendered and after judgment had been immediately pronounced thereon, but the judgment was not then signed, and was only signed two days after the motion for a new trial. We differ in opinion with the judge *a quo* and think he ought to have considered the motion. It has been held by this court that a new trial may be prayed for, after three judicial days have elapsed from the pronouncing of the judgment, provided said judgment be not signed. 5 Mart. N. S. 319. This appears to be in conflict with the decision of this court in 13 La. 316; but it seems to us that the rule settled by our former jurisprudence, is a correct interpretation of arts. 546, 548 of the Code of Practice, and we are unable to see any good reason why a judgment, which is not signed, should not be open to revision. In this case, however, the record contains all the evidence on which the case was tried; the application for a new trial is based on the ground that the verdict is contrary to law and evidence; and we may fairly proceed to examine its soundness and sufficiency to support the pretensions of the appellants.

The next point arises out of a bill of exceptions taken to the opinion of the court, admitting in evidence a certain certificate of the Land Office issued in favor of the plaintiff, and also the deposition of the witness Breed, taken by virtue of a commission.

It seems to us that the certificate objected to was properly received. It is in favor of the plaintiff for the quantity of acres of land mentioned in his petition, situated in the parish of St. Helena. It was produced in support of. the allegation of title contained in the petition, and goes to establish the right set up by the plaintiff under his allegations.

With regard to the testimony of the witness Breed, we think the objections made by the defendants must be sustained. This testimony was taken by virtue of a commission, in answer to interrogatories propounded to the witness by the plaintiff. Those interrogatories were served upon the defendants' counsel, who declined propounding cross-interrogatories, but reserved the right of having legal notice of the time of taking the answers of the. witness. Now, the commissioner certifies that he gave *timely notice* to the defendants; but he does not show how such .notice was given, nor upon whom it was served. The defendants had an attorney on record ; the reservation was made by this attorney ; and it seems to us that they had a right to require that notice should be given to their attorney, in order that he might be present at the taking of the testimony. This is also positively required by law, the Code of Practice (art. 434) which declaresthat " the party, on whose application depositions have been taken, must, *before he can use them* as evidence in the cause, show that the adverse party has been served with a written notice of the time and place, &c. &c."

The other objection made to Breed's testimony, on the ground that his answers prove sales of real estate by parol, appears also to be well founded. The inferior court should have rejected all those parts of the testimony going to show the sales and purchases made by and to various persons, of the tract of land in controversy, and particularly the sale made by one Dean to the plaintiff, under which he obtained his certificate from the Land Office. In a petitory action, it is not only required that the plaintiff should make out his title, but that it should be made out by legal and proper evidence.

The plaintiff's parol evidence in support of his title being thus rejected, it becomes unnecessary to examine the other bill of exceptions relative to the refusal of the court to charge the jury as

required by the defendants' counsel, as the case is to be remanded for a new trial. We must remark, however, that the record comes up in a very confused state; that it contains written evidence belonging to the defendants, which was not produced on the trial, or which is not referred to as such in the judge's statement of the facts adduced by the parties. We presume that this circumstance is, perhaps, in this instance, the result of an oversight of the clerk; but we cannot forbear expressing our views upon it, and our determination not to permit parties to bring up evidence before us on appeal, which was not produced below on the trial of the cause. It is clear that in justice to the inferior judges, and in the constitutional exercise of our appellate jurisdiction, cases should be brought before us in the same state as they were tried below.

It is therefore ordered and decreed, that the judgment of the District Court be annulled, and reversed, and that this case, be remanded to the lower court for a new trial; the appellee paying the costs of this appeal

*Sheafe & Davidson*, for the plaintiff.
*Lawson & Bullard*, for the appellants.