## R. F. NICHOLS *v.* HIS CREDITORS.

An opposition to the proceedings of creditors granting a respite is not too late, if the proceedings have not been homologated, although ten days may have elapsed since they were regularly filed in court.
Code, 3058.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*Howard*, for Syndic. *Sprig*, for *Voorhies, Griggs & Co.*, opponents and and appellants.

BUCHANAN, J.* The appellee petitioned for a respite, and a meeting of his creditors was ordered to take place before a notary public, in order to deliberate upon his application. The *proces verbal* of the meeting of creditors, with the certificate of the notary that the legal majority of creditors had granted the respite prayed for, were filed in court on the 18th of June, 1855.

On the 11th of February, 1856, the appellants, *Voorhies, Griggs & Co.*, creditors of petitioner, filed an opposition to his proceedings, on various grounds.

On the 28th February, 1856, this opposition pending and undecided, the appellee presented to the district court, his petition for the homologation of the proceedings before the notary, which was allowed by the court, on the ground that appellants' opposition was filed too late, more than ten days having elapsed since the *proces verbal* of the deliberations of the creditors was returned into the clerk's office. A bill of exceptions was reserved to this ruling of the court, which sets forth the facts.

We think the court erred, and that the opposition of the appellants was in time. The rule of practice recognized in the case of *Longbottom* v. *Babcock*, 9 L. R. 42, is: "When an act is to be done within a given time, as the filing of

*VOORHIES, J., recused himself in this case.

NICHOLS
*v.*
CREDITORS.

an answer and the like, it may be done afterwards, if nothing occurs to prevent it." This was the case of an opposition to an account of administration. See also *Chiasson's Heirs* v. *Dupuy*, 9 L. R. 57. In both those cases, there had been no judgment of homologation, and therefore oppositions were held to be in time, although the delay fixed by law for opposing such accounts had expired.

The same principle was applied to motions for new trial in the case of *Smelsor* v. *Wilson*, 4 Rob. 152.

Indeed, the practice has been long established, to homologate, *so far as not opposed*, at the end of the legal delay, for the purpose of excluding further opposition. As to the particular case of respite, we find it distinctly laid down in Article 3058 of the Civil Code, that the contract of respite has no effect, until it is homologated by a judgment of the court which has ordered the meeting of creditors. 4 Martin's Rep. 466. 1 N. S. 240.

A different rule has been applied to the case of an opposition to the discharge of an insolvent who has petitioned for a surrender of property. But that is because, by the 17th section of the Act of 1817, it is not necessary to homologate the proceedings of a meeting of creditors convened under that act.

It is therefore adjudged and decreed, that the judgment of homologation be reversed, so far as it affects the appellants, *Voorhies, Griggs & Co.*, and that the cause be remanded for further proceedings, upon the opposition filed by said appellants, on the 11th of February, 1856, according to law; the appellee to pay the costs of appeal in both courts.