LAND, Justice.
 

 This suit was brought to enforce certain building- restrictions in the Kleinert Terrace Subdivision of the City of Baton Rouge. Petitioners pray for judgment against defendant in the sum of $1,500, as damages alleged to have been done previously to their property by virtue of the
 
 *412
 
 construction done in violation of the restrictions ; and, in the alternative, for judgment in their favor in the sum of $5,-000, with interest, for serious damage done to their property as the result of the violation by defendant of the restrictions and the permanent impairment in value which will result if the violation of the restrictions is permitted to continue. Tr. p. 28.
 

 On March 30, 1939, defendant filed an exception to the jurisdiction of the court below ratione personae. Tr. p. 30.
 

 On' July 27, 1939, the trial judge ren-. dered judgment maintaining the exception. Tr. p. 41.
 

 On July 31, 1939, on motion of counsel for plaintiffs, an order of appeal was entered; if suspensive, bond to be fixed according to law; if devolutive, in the sum of $150, returnable before the Supreme Court on August 28, 1939. Tr. p. 2.
 

 The appeal ' being devolutive, the bond was fixed accordingly in the sum of $150. On August 17, 1939, the appeal bond was filed in the court below. Tr..p. 44.
 

 The transcript was not filed in the Supreme Court on the return day, August 28, 1939, nor within three days thereafter. .
 

 The judgment, rendered July 27, 1939, maintaining the exception to the jurisdiction .was-not signed by the.trial judge until October 5,. 1939, and the judgment was filed the same day. .Tr. p. 4Í.
 

 Thereafter, on- October .13, 1939, plaintiffs, appellants, filed' a petition with the trial judge requesting a devolutive appeal to the Supreme Court. 'Tr. p. 42. •
 

 On the same day, an order was signed granting a devolutive appeal returnable before the Supreme Court on November 6, 1939. On October 18, 1939, a new devolutive appeal bond in the sum of $150 was filed in the lower court by appellants, and the transcript was filed here on the return day. Tr. p. 43; Tr. p. 46.
 

 In other words, the first appeal was taken by • plaintiffs, appellants, before the judgment had been signed; and the second appeal was taken by plaintiffs, appellants, after the judgment was signed; a new bond was given and the transcript was lodged in this court on the return day, November 6, 1939.
 

 Two appeals having been granted to appellants in this case, the appellee has moved the dismissal of both: of the first appeal because the transcript was not filed in this court on' the return day, August 28, 1939, nor within three days thereafter; and of the second on the ground that the first order having once been granted and a bond thereunder filed by appellants, the lower court was divested of jurisdiction and had no authority to issue the second order.
 

 The first appeal must be dismissed, even had it been timely lodged in this court, for the reason that the judgment appealed from was not signed at the time the appeal was taken and the 'appeal bondl was filed in the lower court.
 

 In the case of Thiele & Seiler v. Crutcher & Co. and W. Crutcher, 20 La.Ann. 499, it is said by the court at page'500 of the opinion: “Judgment was rendered against the plaintiffs, who appealed. .
 

 
 *414
 
 “The record shows that the judgment appealed from was not signed.
 

 “It is now the well-settled jurisprudence of this State, that no appeal lies from a judgment before it is signed; in such a case the judgment is inchoate, and the appeal premature. C.P. Arts. 546, 555, 558; [Belanger v. Gravier] 1 [Mart.], N.S., 89; [Wright v. McNair] 7 La. [512], 513; [Cooley v. Seymour] 9 La. [274], 275; [Tissott v. Bowles] 18 La. 30; [Ex parte Nicholls] 4 Rob. 52; [Chartier v. Police Jury] 9 La.Ann. 42; [Derbigny v. Trepagnier] 12 La.Ann. 756; [Bethancourt v. Stephens] 19 La.Ann. 291.
 

 “So long as a judgment is not signed, a motion for a new trial may be made and granted. [Smith v. Harrathy] 5 [Mart.], N.S., [319], 320; [Smelser v. Williams] 4 Rob. 152.
 

 “Under these authorities, we consider the case is yet pending below, and although no motion has been made to dismiss the appeal, we are of opinion that we have no jurisdiction to revise the judgment, and that we are bound ex proprio motu, to dismiss the appeal.
 

 “It is therefore ordered that the appeal be dismissed, at appellants’ costs.”
 

 In the case of Jackson v. Michie, 33 La. Ann. 723, two appeals had been granted to the same appellant, and appellee moved to dismiss the first appeal for alleged irregularities, and the second, on the ground that the first order of appeal having once been granted and a bond thereunder filed by appellant, the lower court was divested of jurisdiction and had no authority to issue the second order.
 

 In that case the court said at pages 726 and 727 of the opinion in 33 La.Ann.: “If the first order of appeal was illegal, as alleged, the jurisdiction of the District Court was not divested over the matter of the appeal by the rendition of such order and the execution of the appeal bond under it. It is true that the order of appeal and the execution of the appeal bond in accordance therewith, as a general rule divests the inferior court of jurisdiction; but this contemplates a valid and legal order, and the giving of a bond under such order. If the order be illegally or irregularly rendered, the judge may correct such error by granting another order in conformity to law, notwithstanding the appellant may have given bond and brought up his appeal under the first order. The matter resolves itself into this: The first order of appeal was either legal or it was not. If legal, the proceedings under it are regular and legal, and the appeal should be maintained. If the order was illegal, then the granting of it did not divest the judge a quo of jurisdiction, but he could properly disregard it as a nullity and cure the irregularity by a subsequent order, as he did so; and the appeal under such subsequent order should be maintained, that is, if no other cause of dismissal is shown.”
 

 As the order granting the first ap- . peal in this case from an unsigned judgment was illegal and irregular, the. trial judge was fully justified in curing the irregularity by a subsequent order, after the judgment had'been signed by him. The first order of appeal and bond given under it clearly did not divest the court be
 
 *416
 
 low of jurisdiction to grant the second order of appeal, after judgment was signed, obtained by plaintiffs, appellants, in this case.
 

 For the reasons assigned, the first appeal is dismissed, but appellee’s motion, in so far as it seeks to dismiss the second appeal, is overruled and denied.