LAND, Justice.
 

 This is an action instituted on motion of the, widow and all the heirs of Richard Savoie, deceased, to compel an accounting by Elson A. Delaune, as administrator of the succession of Richard Savoie. The action was instituted by a motion and a rule to show cause filed on September 15, 1939.
 

 An exception of no right of action was filed by Delaune, defendant in rule, to the motion for an accounting, on the ground that Elson A. Delaune is not and never was the administrator of the succession of Richard Savoie.
 

 The minutes of the court show that, on September 25, 1939, the rule was taken up, and the court, after hearing arguments, ordered counsel for both sides to file briefs and the rule was taken under advisement. Tr., p. 1.
 

 The minutes further show that on November 7, 1939, “The Court, at this time, for reasons orally assigned ordered that the exception filed herein be maintained.” Tr., p. 2.
 

 From this ruling, the movers secured an order for a devolutive appeal, which is dated the 16th day of November, 1939. Tr., p. 28.
 

 The transcript fails to show the signing of a formal judgment on the exception by the trial judge.
 

 Without filing a formal motion to dismiss the appeal, defendant in rule, appellee, contends in his brief that, without the signing of a formal judgment, there can be' no appeal, and that this court must of its own motion dismiss the appeal. In support of this contention, defendant in rule submits the following authority:
 

 River & Rails Terminals, Inc., v. Louisiana Ry. & Nav. Co., 157 La. 1085, 103 So. 331. In that case it is said by the court, 157 La. at page 1086, 103 So. at page 331: “This is an appeal from a judgment which sustained
 
 am exception of no cause of action,
 
 dissolved the injunction, and dismissed the plaintiff’s suit.
 

 “Our attention has been called to the fact that no judgment was signed and none appears in the record.
 

 “Code Prac. art. 546, provides that the judge must sign all definitive or final judgments rendered by him, and it is well settled by the decisions, of this court that no appeal lies from an unsigned judgment. State ex rel. Dixon v. Judge, 26 La.Ann. 119; Saloy v. Collins, 30 La.Ann. 63; Hauch v. Drew, 116 La. 488, 40 So. 847; Mitchell v. Creosoting Co., 123 La. [957], 958, 49 So. 655; James v. Hotel, 145 La. [1004], 1007, 83 So. 222.
 

 “That a judgment dismissing a suit
 
 on the ground that the petition discloses no cause of action is a final judgment which must he signed is equally well settled.
 
 Nicholls v. Maddox, 52 La.Ann. [496], 497, 26 So. 994; James v. St. Charles Hotel Co., 145 La. [1004] 1007, 83 So. 222.
 

 
 *438
 
 , “For the reasons assigned, the appeal herein is dismissed at appellant’s costs.” (Italics ours.)
 

 It follows, necessarily, that the judgment dismissing the rule on defendant for an accounting in this case, on the ground that
 
 the motion for ntle discloses no right of action,
 
 is likewise a final judgment and must be signed by the trial judge.
 

 Defendant in rule, appellee, also relies upon Bacas v. Smith, 33 La.Ann. 139. At page 139 of the opinion in that case it is said: “This Court has, in many instances, dismissed appeals ex officio, when a final judgment found in the transcript did not appear to have been signed by the judge a quo, treating it as inchoate.” (Citing numerous decisions by this court.)
 

 It is well settled that no appeal lies from a final judgment before it is signed. In such a case the judgment is inchoate and the appeal is premature, and will be dismissed by this court ex proprio motu.
 

 However, an order granting an appeal from an unsigned judgment does not divest the trial court of jurisdiction to grant a second order of appeal after judgment is signed, since the first order was illegal and the trial judge is justified in curing this irregularity by a subsequent order.
 

 Greene et al. v. Baynard, decided by this court January 9, 1940, and reported in 194 La. 409, 193 So. 690.
 

 For the reasons assigned, it is ordered that the appeal in this case be dismissed at the cost of appellants.