PER CURIAM.
This is a sequel to the dismissal of the appeals in the cases of Capuder v. Misko, 173 So.2d 210, La.App. 3 Cir., 1965, and Misko v. Capuder, 173 So.2d 210, La.App. 3 Cir., 1965. This court dismissed those appeals on March 31, 1965, basing its decision on the absence of a signed judgment. Subsequent thereto, the judgment was signed in the trial court, and the appellant moved for a devolutive appeal on April 8, 1965, perfecting it by filing the appeal bond on April 15, 1965.
Capuder, plaintiff-appellee, now moves again to dismiss the appeal on the ground that the trial court did not have jurisdiction to grant an appeal during the period of time allowed for an application for rehearing in this court following our judgment of March 31st, which judgment did not become final and executory until the delays for rehearing had expired, LSA-C.C.P. Art. 2167.
The contention is without merit.
The order granting the first appeal from the unsigned judgment is not authorized by law, since the judgment is inchoate until signed. Thus the order of first appeal did not divest the district court of jurisdiction to sign the judgment and then to grant a subsequent valid order of appeal after the judgment was signed. See Savoie v. Delaune, 195 La. 433, 196 So. 923; Greene v. Baynard, 194 La. 409, 193 So. 690, and discussion of authorities so holding as to this precise question.
It therefore follows that plaintiff-appellant’s motion to dismiss the appeal must be denied.
Motion to dismiss appeal denied.