201 So.2d 683 (1967)
R. Brent FORMAN and Dr. Phillip L. Schultz, Executors, Plaintiffs and Appellees,
v.
Mrs. Elizabeth Braman MAY et al. and Mrs. Mary Braman Chase, et al., Defendants and Appellants.
No. 2066.
Court of Appeal of Louisiana, Third Circuit.
July 27, 1967.
*684 Hayes, Harkey & Smith, by Joseph Cascio, Jr., Monroe, for defendants-plaintiffs in reconvention-appellants.
Gwin & Gwin, Natchez, Miss., for defendants-appellants.
Falkenheiner & Calhoun, by Nathan M. Calhoun, Vidalia, for plaintiffs-defendants in reconvention-appellees.
Laub, Adams, Foreman & Truly, Natchez, Miss., Dale, Richardson & Dale, Vidalia, for plaintiffs-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
As testamentary executors of the Succession of S. B. Laub, the plaintiffs filed in the succession proceedings two separate suits for declaratory judgment. Although there were several issues presented in the trial court, the parties have, by joint motion, limited the question on appeal to a determination of the quantum of two special legacies of interests in mineral leases. The defendants, who are respectively the recipients of the two legacies in question, appealed from an adverse judgment of the lower court.
We have concluded the appeal must be dismissed as premature because no final judgment was signed by the district judge[1] until after the appeal was perfected and the record lodged with this court of appeal.
The record shows that on February 10, 1967, the district judge rendered written reasons but no separate final judgment was signed.[2] On February 28, 1967 the court granted motions for suspensive appeals in each case returnable on April 28, 1967, conditioned on defendants' furnishing bonds in the sum of $500 in each case. The required bonds were furnished on the same day the orders for appeals were signed. The record of the appeal was lodged in this court on April 18, 1967.[3]
After the record of appeal was lodged here, we noticed there was no final judgment signed by the district judge in either *685 suit. This deficiency was brought to the attention of counsel, who then went back to the district judge and obtained final judgments signed on June 23, 1967. By joint motion, counsel supplemented the appellate record to include these final judgments.[4]
The jurisprudence of this state is established that where the record on appeal fails to disclose a final judgment signed by the district judge, the appellate court must dismiss the appeal ex proprio motu. Tolbert v. Thomas, La.App., 173 So.2d 391; Fontenot v. Lee, La.App., 160 So.2d 26; Manuel v. Employers Fire Insurance Company, et al., 136 So.2d 282; LSA-C.C.P. Articles 1911 and 2083.
Defendants appellants seek to escape the effect of this jurisprudence by contending that the prematurity of the appeal was cured by the signing of a final judgment in the lower court after the appeal was perfected and lodged in the court of appeal. In support of this argument, defendants cite Abramson v. Piazza, La. App., 198 So.2d 565 (3rd Cir. 1967) where, in our original opinion, we dismissed the appeal because the record did not contain a final judgment. In an application for rehearing, the appellants supplemented the appellate record to show that actually a final judgment had been signed in the district court before the appeal was ordered or perfected but, through inadvertence, the clerk of the district court had failed to include a copy of the final judgment in the record on appeal. On rehearing, we allowed the record to be supplemented to show that a final judgment had been signed before the appeal was taken and, hence, the appeal was not premature.
Abramson v. Piazza, supra, is readily distinguishable from the present case. In Abramson, a final judgment had been signed before the appeal was ordered or perfected. Here, there was no final judgment signed until after the appeal was ordered, perfected and lodged in the court of appeal.
In Brock, et al. v. Police Jury of Rapides Parish, et al., 198 La. 787, 4 So.2d 829 (1941) our Supreme Court considered the issue presented here and stated:
"According to the record before us the judge had not signed the judgment which he had rendered when the plaintiffs asked for and were granted an appeal. We assume that the judgment was signed before the appellants filed their appeal bond; otherwise the appeal will have to be dismissed, even though the appellees may not move to dismiss it. There is no right of appeal from a final judgment until it is signed. Succession of Savoie, 195 La. 433, 196 So. 923." (Italics ours.)
Insofar as the specific issue presented herein is concerned, the above quoted language from the Brock case is dicta. However, our Supreme Court does expressly state that the final judgment must be signed at least before the appeal is perfected by the filing of the bond.
There are many cases holding the general rule that an appeal taken before the final judgment is signed is premature and must be dismissed ex proprio motu. Frazier v. Muse, La.App., 88 So.2d 729 (1st Cir. 1956); Fidelity & Casualty Company of New York v. Callicott, La.App., 83 So. 2d 671 (1st Cir. 1955) and the cases cited therein.
A case which, at first glance, may appear to be contrary to our holding in the present matter, is Mossler Acceptance Company v. Moliere, 181 So. 228 (La.Orl.App. 1938). There, the record did contain a *686 final judgment when lodged in the court of appeal, but the dates reflected that the order for appeal was entered 3 days before the final judgment was signed. The opinion does not indicate when the bond was filed. The court held the prematurity of the order for appeal was cured by the fact that the signed judgment was contained in the record when it was lodged in the court of appeal. However, the court concluded by stating: "There can be no doubt that, by virtue of the overwhelming authorities hereinabove cited, if the signed judgment was absent from this transcript, the appeal would have to be dismissed."
Mossler Acceptance Company v. Moliere, supra, is distinguishable from the present matter. There, the final judgment was in the record when lodged in the court of appeal. Here, the final judgment was not in the record when lodged and was not signed until thereafter. We express no opinion as to the correctness of the Mossler case, but conclude that, in any event, it is not authority for the proposition that a premature appeal, ordered, perfected and lodged before any final judgment is signed, can be cured by a judgment which is later signed and filed in the appellate court.
In Abramson v. Piazza, La.App., 198 So.2d 565 (3rd Cir. 1967) we stated as follows some of the reasons for the strict requirements as to what constitutes the final judgment and as to the exact date on which it is signed: "The obvious purpose of LSA-C.C.P. Article 1918, which is new in our law, is to suppress this confusion and to give certainty to what constitutes the final judgment and particularly to the date on which it is rendered. The effective date of the final judgment becomes critically important in ascertaining: the commencement of procedural delays, such as new trial, appeal, etc.; the computing of periods of prescription; and in the establishment of property rights in the judgment."
We might add that under the facts presented here a serious question could arise as to when or whether the trial court lost jurisdiction and whether this appellate court ever acquired jurisdiction. This issue could become critical in a case like the present which involves the title to mineral rights. For, any judgment we rendered could possibly be attacked later on jurisdictional grounds.
For the reasons assigned, this appeal is dismissed without prejudice at the cost of the defendants appellants.
Appeal dismissed.
NOTES
[1] LSA-C.C.P. Articles 1911 and 2083.
[2] See LSA-C.C.P. Article 1918.
[3] We note at this point that although separate motions for appeal were filed and granted, separate appeal bonds filed and separate judgments later rendered in each suit in the lower court, only one appeal was filed in this court. The question is not now before us, but a serious issue could arise as to whether it was proper to take one appeal from the two separate judgments. See Phillips v. West, 139 So.2d 274 (1st Cir. 1962) where such an issue was discussed.
[4] The joint motion to supplement the record states that a final judgment was obtained in each suit for declaratory judgment. However, there was attached to the motion only a judgment as to the defendant, Mrs. Elizabeth Braman May, et al. Insofar as our record shows, no final judgment as to the defendant, Mrs. Chase, et al., has been signed.