CHASEZ, Judge.
Defendants, Carlo Ditta, Inc. former employer, and the Employers Liability Assurance Corporation, Ltd., workman’s compensation insurer, have instituted this proceeding by rule under LSA-R.S. 23:1331 to discontinue workman’s compensation payments to James Duncan. When this suit was originally before us, we granted the plaintiff, James Duncan, compensation at the rate of $35.00 per week during the period of disability for four hundred weeks subject to credit for compensation already paid. See Duncan v. Carlo Ditta, Inc., La.App., 170 So.2d 869. The matter is now before us on an appeal taken by defendants from a judgment of the lower court denying their application for a modification of the compensation judgment.
On appeal the defendants allege that James Duncan is no longer disabled and under the provisions of RS 23:1331 the judgment of compensation should be modified to discontinue the disability payments. Duncan has answered the appeal denying the grounds for modifying the judgment and asserting that he is still suffering from injury for which he was originally compensated.
The rule under which this suit is brought provides as follows:
“§ 1331. Modification by agreement of parties, approval by court; judicial review.
“A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
*142 “At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.”
The original judgment awarding compensation found the plaintiff unable to work because of the pain he was suffering in his back and affirmed the decision of the trial judge that the plaintiff was disabled as a result of a conversion reaction. In this appeal under RS 23:1331 defendant has not contested the issue that plaintiff was suffering from pain, but has based his case primarily on evidence showing the plaintiff is in fact able to work. Additionally the defendants argue that plaintiff is making more money now than he had earned when working for Carlo Ditta, Inc.
The basis of defendants’ case then, as reasserted in the reply brief, is that James Duncan is able to work as the evidence depicts, and no further proof need be offered to justify a modification of the original judgment at this time. The sole issue then before this court is whether disability compensation should be discontinued under RS 23:1331 on the basis of evidence showing plaintiff working and his testimony verifying this fact.
The evidence on which defendants base their case is made up of some ten rolls of sixteen millimeter film which depict the plaintiff working as a helper on a Barq’s Root Beer truck. The films were taken on three different days in September and October, 1964 by two private investigators, Louis J. Kuntz and William C. Farris. These films were identified by the investigators with a description of the camera, the type of film, and the lens setting that was used. The films were then shown to the District Court and the plaintiff identified himself in the first seven rolls, but denied that he was the person identified by the investigator in the last three rolls. The ten rolls of film were admitted in evidence, but were used only to illustrate graphically what the plaintiff himself testified to at the trial.
The films show the plaintiff unloading the beverage truck and transporting the beverages into the different stores as the truck made its normal stops along the route. Plaintiff is shown carrying the cases alternatively by hand and with the aid of a hand-truck. Some of the pictures also show other men unloading the truck, one of which the plaintiff identified as a friend that he had asked to assist him one day when his back was especially painful. On another instance, the driver who normally doesn’t unload the truck, was shown carrying cases. As stated earlier, plaintiff identified himself in some of the film shown to the court, and although the admissibility of the film was challenged in the lower court, we agree with the ruling made there that the films are admissible to the extent that the plaintiff identified himself as the worker shown in the first seven rolls of film. We also agree that the defendant’s proof is clear that plaintiff has been working as a laborer on a beverage truck, but other evidence has been entered into the record which must be weighed in the determination of diminished incapacity under RS 23:1331.
Dr. Charles R. Smith, an examining psychiatrist on whose testimony the original judgment granting compensation relied heavily, again testified in the instant proceedings. His diagnosis of a conversion reaction and the pain attached thereto was held to be conclusive of the disability suffered by James Duncan in the original judgment. See Duncan v. Carlo Ditta, Inc., La.App., 170 So.2d 869. When questioned in the present proceedings Dr. Smith stated that he had examined James Duncan again in September, 1965 and found him to be *143 suffering from the same disability. His testimony taken on redirect examination by Mr. Giepert is particularly revealing in this regard.
“By Mr. Giepert:
“Q. Doctor, is this basically the same testimony you gave in these proceedings on May 27, 1963?
“A. Well, if that’s the date I testified here on behalf of this particular person, I’m sure that my—
“Q. And this man, in your diagnosis, is basically the same as he was then ?
“A. I would say that with the additional data that I have.
“Q. And you feel that this man is consciously feeling these pains ?
“A. Yes.”
Mr. Giepert:
“I have no further questions.”
Thus, the existence of the disability for which this court in our original judgment allowed compensation has not changed. The medical basis for our original ruling must remain intact as nothing introduced in the record during the present proceedings challenges the validity of the original diagnosis. Thus, we must conclude as a medical fact that James Duncan has not yet recovered from his original injury but, on the contrary, still suffers from pains severe enough to warrant the continuance of compensation payments.
Corroborating this finding, James Duncan testified under oath that although he had worked on the Barq Root Beer truck, he had not been able to do so under normal conditions. He stated that he had missed quite a bit of work because of his difficulties and on some days he had to get assistance from friends to carry out his duties as a helper. The disability also kept him from lifting more than one case at a time, as opposed to much heavier work that he had been accustomed to doing for Carlo Ditta, Inc.
Thus, we have no reason to doubt that James Duncan still suffers from pain as compensated for in our original judgment. T-he evidence produced by the defendant shows him working as a laborer, but reveals nothing as to the physical conditions he may have been working under. The evidence introduced by the pictures show the plaintiff working on the specific days they were taken, but apparently they bear no relation to the pain he may have endured on those days and cannot be used to indicate pain on other days when no evidence was taken.
We are unable to determine the status of his physical condition from the pictures alone, but we do have expert medical testimony corroborated with other facts which show that he was experiencing the same type pain that this court found sufficient to grant him compensation when the suit was originally before us.
We do not now find, on the basis of the evidence presented by the defendant, that the plaintiff’s incapacity has diminished. It is well recognized in our jurisprudence that the law does not expect, contemplate, or require that an employee, in order to earn a living, to work in pain. See Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1. And where the original disability was predicated on the painful injury sustained by the plaintiff, proof that his incapacity has subsequently diminished under 23:1331 depends primarily on the decrease in pain. The burden of proof in these proceedings is on the employer to prove that the employee’s disability has diminished or ceased and he is no longer disabled as originally decreed. See Cloud v. National Surety Corporation, La.App., 166 So.2d 31 and authorities cited therein.
Thus, we hold that defendant in proving only that plaintiff has worked, with no further allegations or proof that *144 the painful disability has diminished, is insufficient to reverse the original ruling of this court and the district court where the suit was heretofore tried. When compared to expert medical testimony to the contrary, defendant’s proof does not lead to the conclusion he seeks. We cannot overrule the finding that plaintiff was disabled when the diagnosis of his injuries is exactly the same at this review under RS 23 :- 1331 as it was when originally tried. Judgment affirmed.
Affirmed.