On Motion to Dismiss Appeal
En Banc.
PER CURIAM.
On October 13, 1968 the plaintiff-appel-lee filed a motion to dismiss as tardy the present unlodged suspensive appeal taken by motion on September 26th from adverse judgment of August 19th. See LSA-CCP Art. 2123, regulating the delay within which to perfect suspensive appeal. This court thereupon issued a rule to show cause why the relief prayed for should not be granted.
Upon the return to the rule, it appears that there was no written judgment signed. The minute entry of the court’s decision does not suffice as satisfaction of the code requirement, LSA-CCP Art. 1911, that final judgments must be read and signed by the judge in open court. Fontenot v. Lee, 160 So.2d 26 (La.App. 3 Cir.), and cases cited therein. The appeal is premature and must be dismissed, since the judgment is inchoate until signed; but without prejudice to the perfecting of a timely appeal after signing of a final judgment. Capuder v. Misko, 174 So.2d 535 (La.App. 3 Cir.), and cases cited therein.
The defendants-appellants are to pay the costs of this dismissed appeal.
Appeal dismissed.