AYRES, Judge.
This is an action upon an open account. The minutes of the court reflect that a judgment was “rendered” rejecting plaintiff’s demands. However, no signed judgment appears in the record. In fact, the record reflects the judgment was not signed.
The rule is well established that no appeal lies from a final judgment before it is signed. Until signed, the judgment is inchoate and the appeal is premature. Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829 (1941); Succession of Savoie, 195 La. 433, 196 So. 923, 924 (1940) ; Guidry v. Seacoast Products, Inc., 214 So.2d 904 (La.App., 3d Cir. 1968); Forman v. May, 201 So.2d 683, 685 (La.App., 3d Cir. 1967).
The minute entry of the court’s decision does not suffice as satisfaction of the *661 requirements of the Code of Civil Procedure (LSA-C.C.P. Art. 1911) that final judgments must be read and signed by the judge in open court. Guidry v. Seacoast Products, Inc., supra; Fontenot v. Lee, 160 So.2d 26 (La.App., 3d Cir. 1964).
In such cases where judgments are prematurely signed, appeals must be dismissed even on the court’s own motion. Forman v. May, supra, and authorities cited therein.
But, as pointed out in Succession of Savoie, supra, an order granting an appeal from an unsigned judgment does not divest the trial court of jurisdiction to grant a second order of appeal after judgment is signed, inasmuch as the first order was illegal. The trial judge is justified in curing this irregularity by a subsequent order after the judgment is signed. Greene v. Baynard, 194 La. 409, 193 So. 690 (1940); Forman v. May, supra.
For the reasons assigned, this appeal is dismissed, without prejudice, at the cost of plaintiff-appellant.
Appeal dismissed.