ON MOTION TO DISMISS
CHASEZ, Judge.
This is a motion to dismiss an appeal from the judgment revoking an award of alimony.
Edward K. Richardson obtained a judgment of separation from bed and board from his wife on the ground of habitual intemperance. The judgment awarded the husband the care, custody and control of his minor son, Edward Thomas Richardson, and condemned the husband, Edward K. Richardson, to pay his wife alimony in the sum of $450.00 per month.
A consent judgment was entered in the record signed by counsel for both parties regarding custody of the child and payment of alimony and the judgment of the trial court was based upon this consent judgment.
More than a year later the husband petitioned for and obtained by default a judgment of divorce which judgment confirmed the granting of custody and the order to pay $450.00 per month to his wife. The husband subsequently filed a rule to revoke the alimony contending that an award of alimony under Civil Code Article 160 may be granted to a wife who is not at fault and that in the present case, since the wife was at fault, the award of alimony was contrary to the law of Louisiana and should be revoked.
The rule was tried on the merits on September 10, 1971 and judgment was pronounced orally by the court, revoking the alimony award. The judgment was reduced to writing and indicated that the judgment was read and rendered in open court on September 10, 1971 and signed on September 14, 1971.
On November 12, 1971 Mrs. Richardson filed a rule for alimony, alleging that the judgment revoking the award to her had been rendered but that she was in necessitous circumstances and that the original award of $450.00 a month was a consent judgment and not a judgment pendente lite.
The husband filed an exception of no cause of action and an answer and moved for a summary judgment. He further alleged that since the wife’s rule for alimony was not a rule to increase or decrease alimony the court had no jurisdiction over the subj ect matter.
The trial court overruled the exception to the jurisdiction and denied the motion for summary judgment, but maintained the exception of no cause of action and dismissed the rule.
The judgment was read and rendered in open court on December 10, 1971 and signed on December 14, 1971. On December 13, 1971 Mrs. Richardson appealed de-volutively from the final judgments rendered on September 14, 1971 and December 10, 1971.
*701 Mr. Richardson now moves to dismiss the appeal on the grounds that the motion for appeal was signed prior to the signing of the judgment appealed from and was therefore premature. Additionally, he asserts that this court lacks jurisdiction.
Appeals are favored in the law and must be maintained wherever possible and will not be dismissed for mere technicalities.
A misstatement of the date of the judgment will not render the appeal fatally defective when it is shown that appellant’s intention was to appeal from the final judgment against him. Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904 (1967); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968).
We further believe that the fact that the motion for appeal was filed before the judgment appealed from was signed is of no consequence, since the prematurity of the filing of the motion for appeal was cured on the date the judgment was signed. There is no showing that the appellee was prejudiced in any way by the filing of the motion to appeal prior to the signing of the judgment.
In his motion to dismiss the appeal Mr. Richardson has not favored us with the reasons for his assertion that this court lacks jurisdiction. C.C.P. art 2088 provides that the jurisdiction of the trial court divests and that of the appellate court attaches upon the timely filing of the appeal bond in the trial court. Mr. Richardson does not contend that the appeal bond was not timely filed. Furthermore, if Mr. Richardson’s contention that this court lacks jurisdiction is a re-urging of the exception of jurisdiction filed in the trial court, that is a matter which is reviewable when the appeal is tried on its merits and is not subject to a motion to dismiss the appeal.
The issue before the court is a dismissal of a devolutive appeal taken in this matter on the 13th day of December, 1971 from a judgment read and rendered on December 10, 1971 and signed on December 14, 1971 and the signed judgment is in the record.
Under the law, the motion to dismiss should be and same is denied.
Motion to dismiss denied.