312 So.2d 915 (1975)
Trudy MALBROUGH
v.
Jackie J. KIFF.
No. 10230.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
*916 Stanley L. Perry, Galliano, for appellant.
Ronald L. Menville, Houma, for appellee.
Before LOTTINGER, COVINGTON and BAILES, JJ.
CONVINGTON, Judge:
Both counsel have filed briefs herein; unfortunately, their labor has been for naught.
It appears from the record that the case was heard, and oral reasons for judgment assigned, on October 2, 1974. It also appears that, pursuant to motion of the defendant-appellant, the order of devolutive appeal was signed on October 4, 1974, and the appeal bond was furnished on the same day. Later, on November 22, 1974, the judgment was actually signed. Yet, on that same day an order was signed purportedly extending the original return date; this action could not and did not render valid what was a premature and consequently invalid and irregular order of appeal.
Because of the fact that an appeal cannot be maintained from a judgment which has been only orally rendered and thus jurisdiction has never been vested in us, we must, ex proprio motu, dismiss the appeal. Accord for this holding is found in a multitude of cases and, of course, LSA-C.C.P. Art. 1911. A judgment is inchoate until it is signed; Capuder v. Misko, 174 So.2d 535 (La.App. 3rd Cir., 1965); Succession of Savoie, 195 La. 433, 196 So. 923 (1940); Greene v. Baynard, 194 La. 409, 193 So. 690 (1940).
"It is elementary that an appeal can be taken only from a judgment which has been (emphasis added) formally signed, and the delays for appealing do not commence until a judgment is signed." King v. King, 253 So.2d 660 (La.App., 1st Cir., 1971), writ refused 260 La. 128, 255 So.2d 353.
"An appeal taken before [the] signing of a judgment is premature and must be dismissed ex proprio motu." (emphasis added). Fidelity and Casualty Company of New York v. Callicott, 83 So.2d 671 (La.App., 1st Cir., 1955) and the numerous authorities cited therein.
Appeals may not be taken on one date from a judgment which is to be signed on a future datethe authorities say "has been"; the word "until" means "up to the time that" or "till such time as". The word "before" essentially means "prior to". Such terminology cannot be interpreted otherwise.
The date of the signing of a judgment is the focal point; 35 Tu.L.R. 578, 581, verbo "Judgments: Book III, Title VI," written by Judge John T. Hood, Jr. It is from that date from which prescription, execution and all other rights arise; Excel Finance Treme, Inc. v. Cohn, La. App., 159 So.2d 560; Tolbert v. Thomas, La.App., 173 So.2d 391.
Admittedly, in most of the cases in which appeals have been dismissed for lack of a signed judgment, no such judgment was in the record when it was lodged in the appellate court.
However, if we need further authority for our holding herein, let us delve further into the jurisprudence. In Succession of Savoie, supra, the Supreme Court stated:
"It is well settled that no appeal lies from a final judgment before it is signed. In such case the judgment is inchoate and the appeal is premature, and will be dismissed by this court ex proprio motu.
"However, an order granting an appeal from an unsigned judgment does not divest *917 the trial court of jurisdiction to grant a second order of appeal after judgment is signed, since the first order was illegal and the trial court is justified in curing this irregularity by a subsequent order."
The savoie case was cited with approval by this court in Red Ball Motor Freight, Inc. v. Younger Brothers, Inc., 204 So.2d 781, 784 (La.App., 1st Cir., 1967):
"It is settled law that no right of appeal exists from a final judgment until it is signed by the trial court." (emphasis added).
In that case, unlike the instant one, there was no signed judgment in the record and, of course, counsel could not simply stipulate as to the contents of the purported judgment (they did not recall whether it had been signed or not before it was lost) and thereby, by consent, confer appellate jurisdiction.
If no right of appeal exists, then until such signature we cannot validate the premature action taken in the case now before us.
However, perhaps of greater import in the instant case is Greene v. Baynard, supra, in which the pertinent chronological sequence of events, each event taking place at least one day subsequent to the preceding one, were: (1) the trial judge maintained an exception to the jurisdiction ratione personae, (2) on motion of plaintiffs counsel, an order of appeal was entered and bond fixed, (3) the appeal bond was filed, (4) the judge signed the judgment maintaining the exception, (5) plaintiffs moved for and obtained an order of appeal, fixing bond, (6) bond was filed. The transcript was not timely filed in the "first appeal" but it was timely filed after the "second appeal." The appellee moved to dismiss both, the first because the transcript was not timely filed and the second on the ground that the first order having been signed and bond furnished, the lower court was divested of jurisdiction and had no authority to issue the second order. The Court denied the motion to dismiss the second one, but did dismiss the first one, stating:
"The first appeal must be dismissed, even had it been timely lodged in this court, for the reason that the judgment appealed from was not signed at the time the appeal was taken and the appeal bond was filed in the lower court." (Emphasis added).
Citing with approval the case of Jackson v. Michie, 33 La.Ann. 723, where two appeals had also been granted, the court adopted this language in that case:
"It is true that the order of appeal and the execution of the appeal bond in accordance therewith, as a general rule divests the inferior court of jurisdiction; but this contemplates a valid and legal order, and the giving of a bond under such order. If the order be illegally or irregularly rendered, the judge may correct such error by granting another order in conformity to law, notwithstanding the appellant may have given bond and brought up his appeal under the first order. The matter resolves itself into this: The first order of appeal was either legal or it was not. If legal, the proceedings under it are regular and legal, and the appeal should be maintained. If the order was illegal, then the granting of it did not divest the judge a quo of jurisdiction ..."
In the Greene case, the court went on to adjudicate that the order granting the first appeal from an unsigned judgment was illegal and irregular.
And in Capuder v. Misko, supra, the court held that the order of first appeal did not divest the district court of jurisdiction to sign the judgment and then to grant a subsequent valid order of appeal after the judgment was signed.
Question of the timeliness of the application for an appeal is a jurisdictional matter which the Court of Appeal must *918 consider ex proprio motu; In re State in Interest of Curley, 287 So.2d 558 (La.App., 1st Cir., 1973). Under LSA-C.C.P. Art. 2162 an appeal can be dismissed at any time for lack of jurisdiction of the appellate court.
We are fully cognizant that appeals are to be favored and should not be dismissed on purely technical grounds. However, the matter of jurisdiction, vel non, is so patently elementary and fundamental that matters relative thereto cannot be considered in a casual manner.
In the instant case, the appellant, subsequent to the signing of the judgment of the trial court, could have obtained a valid order of appeal and timely taken the other steps necessary to perfect it. This was not done. Therefore, jurisdiction is not vested in this court.
The appeal is dismissed, with costs to be paid by the defendant-appellant.
Appeal dismissed.