329 So.2d 475 (1976)
August RICHARDS and Marvel Joseph
v.
Thomas GETTYS.
No. 7478.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Orlando G. Bendana, New Orleans, for plaintiffs-appellants.
James H. Minge, Hammett, Leake, Hammett, Hayne & Hulse, New Orleans, for defendant-appellee.
Before the Whole Court.
REDMANN, Judge.
We initially ruled appellant to show cause why this appeal should not be dismissed, upon the erroneous basis that there was no signed judgment in the record. There is a signed judgment dismissing appellant's suit in the timely-lodged record; but it was signed two and a half months after its oral announcement at trial's end, and two months after the forma pauperis order of appeal had been signed.
Thus the question is whether an appeal from a final judgment must be dismissed because the order of appeal was granted at a time when there was no signed judgment, despite the subsequent signing of the judgment and its presence in the timely-lodged record. We answer no, overruling Excel Finance Treme, Inc. v. Cohn, La.App. 4 Cir. 1964, 159 So.2d 560.
Prior to the 1960 Code of Civil Procedure, it appears to have been the uniform holding of the Louisiana Supreme Court that an appeal taken after rendition but before signing of the judgment will not be dismissed if the judgment has been signed and included in the record by the time the record reaches the appellate court; McGregor, Alloway & Co. v. Barker & Diffenderffer, 1857, 12 La.Ann. 289; State v. McKeown, 1857, 12 La.Ann. 596; Vicksburg, S. & T. R. Co. v. Hamilton, 1860, 15 La.Ann. 521; Green v. Huey, 1871, 23 La. Ann. 704; Mouton v. Broussard, 1873, 25 La.Ann. 497; State v. Balize, 1886, 38 La. Ann. 542; State ex rel. Bush v. Trahan, 1910, 125 La. 312, 51 So. 216.
Our predecessor court, citing many of these cases, upheld the appeal in Mossler Acceptance Co. v. Moliere, La.App.Orl. 1938, 181 So. 228. Mossler also listed about five column-inches of cases which had declared that an appeal before signing of judgment is dismissible as premature; yet Mossler distinguished cases of that kind (as had McGregor) on the ground that "[i]n all of the foregoing cases, there was no signed judgment contained in the record at the time the appeal was lodged in the appellate court." 181 So. at 230. Erie v. Primos, La.App.Orl.1948, 37 So.2d 832, followed Mossler.
*476 Since the 1960 Code of Civil Procedure, there appears to have been no supreme court decision in point. We have decided Excel Finance Treme, Inc. v. Cohn, La. App., 4 Cir. 1964, 159 So.2d 560, and Richardson v. Richardson, La.App., 4 Cir. 1972, 264 So.2d 699.[1]Excel dismissed its appeal, referring only to the no-signed-judgment jurisprudence that Mossler had distinguished, and making no reference to Mossler (or the seven supreme court decisions in point). Richardson refused to dismiss its appeal, citing neither Mossler (nor the supreme court) nor Excel.
(A like inconsistency existed in the former First Circuit's decisions. Fidelity and Cas. Co. of N. Y. v. Callicott, La.App. 1 Cir. 1955, 83 So.2d 671, and Frazier v. Muse, La.App. 1 Cir. 1956, 88 So.2d 729, dismissed, ignoring Cox v. Gross, La.App. 1 Cir. 1950, 47 So.2d 102, which had refused to dismiss.)
The present First Circuit would dismiss; Malbrough v. Kiff, La.App. 1 Cir. 1975, 312 So.2d 915. The Second Circuit would not dismiss; Nomey v. State, Dept. Hwys., La.App. 2 Cir. 1976, 325 So.2d 732. (The Third Circuit has hinted at but not decided the precise issue; it distinguished from Mossler its Forman v. May, La.App. 3 Cir. 1967, 201 So.2d 683, on the ground that there the judgment was not signed and did not reach the court of appeal until after lodging of the record in the court of appeal. We add that in Formanas in Callicott and Frazierthere still remained time for a devolutive appeal after the court of appeal handed down its decision.)
Malbrough does not so much as mention any of the seven supreme court cases holding that the appeal cannot be dismissed in the circumstances in question. Instead, Malbrough relies on dicta in Greene v. Baynard, 1940, 194 La. 409, 193 So. 690, which itself ignored the prior decisions. Greene is one of a few cases in which our supreme court, in the course of an opinion actually deciding an appeal, has said obiter that appeals with other circumstances should not be decided, but dismissed. But because Greene decided the merits of its own case, it is not precedent for refusing to decide the merits of appeals. (Moreover, even Greene's dicta referred to an "appeal" which, unlike those under discussion, had been abandoned by failure to lodge the record by the return date.) Greene is sufficiently analyzed in Note, 1940, 14 Tulane L.Rev. 627. We disagree with Malbrough.
We find in the 1960 Code of Civil Procedure no legislative overruling of the supreme court decisions which we have cited and by which we are bound. Excel Finance Treme, Inc. v. Cohn, supra, which ignored those decisions, was wrongly decided and is now overruled.
Our rule to dismiss is discharged.
NOTES
[1] In American Nat. Ins. Co. v. Ramon, La. App. 4 Cir. 1967, 204 So.2d 798 (cited by Nomey v. State, Dept. Hwys., La.App. 2 Cir. 1976, 325 So.2d 732, 733, n. 1, as refusing dismissal in this type case), the motion for appeal came after the judgment was signed, but before a timely application for new trial (later denied).