SCHOTT, Judge.
This case is before us on a rule, ex pro-prio motu, to show cause why the appeal should not be dismissed. The following chronology is pertinent:
October 18,1979 Jury verdict for appellees
November 14,1979 Petition for appeal by appellant
February 29,1980 Record lodged in this Court
March 24,1980 Judgment signed by trial court
LSA C.C.P. Art. 1911 as amended by Act 618 of 1979, provides as follows:
“Except as otherwise provided by law, every final judgment shall be signed by the Judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
Under the plain wording of this statute this appeal is vulnerable to dismissal because there was no final judgment signed *127 by the judge at the time the appeal was taken.[1]
However, under the circumstances of this case no useful purpose would be served by dismissing the appeal. Since a judgment was signed by the trial court on March 24, 1980, plaintiff-appellant has sixty days from that date in which to perfect a devolu-tive appeal. The record has already been completed and was lodged in this court, so that the only effect of a dismissal would be to require plaintiff to go back to the trial court, obtain another order of appeal and re-lodge the record in this court with attendant duplication of filing fees in both courts. Such a procedure would be of no benefit to appellees and under these circumstances would not serve the interests of justice. Our interpretation of the article under the circumstances of this case is consistent with Art. 5051’s mandate that the articles be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
We are not confronted with the situation where a judgment might be signed after an appeal is taken and a motion to dismiss that appeal is entertained at a time beyond the deadline for taking the appeal, nor do we decide such a case.
Accordingly, we deem our rule to show cause as satisfied and consider the present appeal as valid.
RULE TO SHOW CAUSE SATISFIED.

. Richard v. Gettys, 329 So.2d 475 (La.App. 4th Cir. 1976) was decided prior to the passage of Act 618 of 1979.