405 So.2d 615 (1981)
Patricia LEVICKEY, Plaintiff and Appellant,
v.
CARGILL, INC., Defendant and Appellee.
No. 8384.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
*616 Martzell, Montero & Lamothe, Charles F. Gay, Jr., New Orleans, for plaintiff and appellant.
John K. Hill, Jr., Lafayette, for defendant and appellee.
Before CULPEPPER, DOMENGEAUX and DOUCET, JJ.
CULPEPPER, Judge.
This appeal was taken by claimant-appellant from a judgment terminating workmen's compensation benefits in a proceeding for modification of a previous decree, instituted by the employer pursuant to La. R.S. 23:1331. The appellant raises two issues: (1) Was termination of benefits justified in light of the evidence adduced? (2) Did the trial judge err in holding the employer was not liable for certain medical expense he found to be unnecessary and unreasonable?
FACTS
Ms. Patricia Ann Levickey sustained a back injury on August 18, 1978 while working as a barge loader for Cargill, Inc. The employer paid workmen's compensation until November of 1978 when evaluations by two orthopedic surgeons revealed no disability. Ms. Levickey filed suit for compensation benefits, and a trial on the merits was held January 10, 1980. Judgment was rendered February 26, 1980 decreeing that Ms. Levickey was entitled to compensation benefits. The issue of employer's liability for medical expenses was pretermitted at that time, reserving the right of either party to reopen the proceedings for consideration thereof. A hearing on medical expenses was held June 6, 1980, at which time the trial court held that Cargill was liable for part, but not all of claimant's medical expenses incurred in connection with hospitalization *617 in the fall of 1979. Another rule on medical expenses subsequently incurred for hospitalization was heard September 12, 1980. The trial court again held that Cargill was not liable for all of claimant's medical expenses but reserved the employee's right to reopen that issue for further development of the evidence at the six months' review hearing. Trial was held December 23, 1980 on the employer's application for modification of the previous judgment, resulting in the decree that claimant is no longer entitled to compensation benefits.
TERMINATION OF BENEFITS
It is well settled that in proceedings for modification of decrees awarding workmen's compensation benefits to an employee, the employer bears the burden of proving, by a preponderance of the evidence, that the condition of the injured employee is favorably altered from what it was at the time of the original adjudication. Belsome v. Southern Stevedoring, Inc., 239 La. 413, 118 So.2d 458 (La.1960); Cloud v. National Surety Corp., 166 So.2d 31 (La.App. 3rd Cir. 1964); Duncan v. Carlo Ditta, Inc., 206 So.2d 140 (La.App. 4th Cir. 1968). The trial judge held that Cargill met this burden of proof, based on evidence obtained after the first trial. After the first trial, Ms. Levickey was hospitalized for the second time and a battery of tests very similar to those run while hospitalized before the first trial were repeated. The results were all negative. Also after the first trial, Ms. Levickey was discharged by Dr. Brown, the only one of the four qualified physicians who testified she was disabled at the time of the first trial. None of the medical examinations conducted subsequent to the employee's discharge by Dr. Brown revealed any muscle spasms, which was the only objective evidence of disability Dr. Brown had been able to find.
It is the responsibility of the trial judge in such proceedings to determine if and to what extent the claimant suffers a disabling injury. To do so, he may draw on all the evidence in the record, including both lay and medical testimony. Thompson v. Natchitoches Parish Hospital Service District, 365 So.2d pg. 57 (La.App. 3rd Cir. 1978). The only evidence here that the claimant remains disabled is her own testimony. Proof of disability arising by reason of subjective pain depends to a great extent on the trial court's evaluation of credibility of the witnesses in light of the medical testimony. Whether such pain is substantial enough to continue to be disabling is a question for the trier of fact. Johnson Guastella Construction & Realty Company, 338 So.2d 747 (La.App. 4th Cir. 1976), writ refused 341 So.2d 403. The trial judge made his own evaluation of Ms. Levickey's testimony and decided that her condition was unchanged in light of the above-mentioned medical evidence, as well as the testimony of Dr. Ray Haddad, an orthopedic surgeon who examined her after her release by Dr. Brown.
The fact findings of the trial judge in a workmen's compensation case, particularly those involving a determination of the credibility of witnesses, are entitled to great weight. Thompson, supra; Broussard v. Acadia Industries, Inc., 339 So.2d 48 (La.App. 3rd Cir. 1976). Such findings will not be disturbed unless found to be clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Thompson, supra; O'Donnell v. City of New Orleans, 338 So.2d 981 (La.App. 4th Cir. 1976). The trial judge was not clearly wrong in finding as a fact that plaintiff is no longer disabled.
MEDICAL EXPENSES
The claimant raises the issue of whether or not the employer should be liable for all medical expenses arising out of or directly connected with her injury, contending that the trial court erred in failing to charge the defendant-employer with the full amount of her medical expenses. The claim is made with respect to expenses incurred when Ms. Levickey was hospitalized both in October and November, 1979, and in May of 1980. The defendant argues that the present appeal arises from the judgment rendered in connection with the hearing held December 23, 1980, in which the only issue considered was termination vel non of compensation *618 benefits pursuant to LSA-R.S. 23:1331. Cargill contends that the issue of medical expenses is not properly before this Court, because no appeal was taken from the judgments adjudicating those issues.
With respect to the expenses incurred for the hospitalizations during October and November of 1979, a hearing was held on June 6, 1980. Judgment thereon was rendered July 2, 1980 decreeing that the employer is liable for only a part of the expenses considered at the hearing. LSA-R.S. 23:1317 provides, in pertinent part, that judgments rendered in workmen's compensation proceedings shall be appealable in the same manner as other judgments. R.S. 23:1351(A) provides:
"§ 1351. Appeal; security for suspensive appeal
A. Either party may appeal to the proper appellate court from any judgment rendered in accordance with the provisions of this Chapter. Except as provided in this Section, the procedure for appeal and the effect thereof shall be in accordance with the provisions of the Louisiana Code of Civil Procedure."
The judgment of July 2, 1980 was a determination on the merits of the issue of medical expenses incurred during 1979 and therefore constitutes a final judgment as to those issues within the meaning of La.C. C.P. Art. 1841. The delays for appeal of the July 2, 1980 judgment expired long before the taking of the present appeal. Therefore, the issue of whether or not the July 2, 1980 judgment is correct cannot be considered.
However, the expenses for Ms. Levickey's hospitalization in May of 1980 were not considered until the hearing of September 12, 1980, which was held pursuant to her rule to compel payment of medical expenses. At that time, the trial judge held that Cargill did not have to pay any more of those hospital expenses than it had already paid but reserved further judgment until the six months' review hearing. The essence of his ruling was as follows:
"I will order that as of now you don't have to pay for the May hospitalization, except for what you have paid. But I will allow the reopening of that when we come for six-months' review hearing, which you've filed for. And I'll reserve further judgment, and we can maybe develop that evidence some and see how it looks at that time. But for right now, you don't have to pay it." (Emphasis supplied)
No judgment was signed in connection with this hearing until the judgment presently under consideration, which includes the following decree:
"IT IS ORDERED, ADJUDGED AND DECREED that the obligation of Cargill, Inc. and its workers' compensation insurers to pay unto Ms. Levickey and/or on her behalf any weekly benefits, medical expenses or other benefits of any kind under the Louisiana Workers' Compensation Act growing out of her accident of August 28, 1978, be and the same is hereby terminated as of December 23, 1980." (Emphasis supplied)
LSA-C.C.P. Article 1911 states:
"Art. 1911. Final judgments; signing; appeals
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
Amended by Acts 1974, No. 87, § 1; Acts 1979, No. 618, § 1."
The date of signing of a judgment is the date from which prescription, execution and all other rights accrue, for a judgment is inchoate until it is signed. Thus, an appeal can be taken only from a formally-signed judgment, and the delays for appealing do not commence until the judgment is signed. Malbrough v. Kiff, 312 So.2d 915 (La.App. 1st Cir. 1975); Capuder v. Misko, 174 So.2d 535 (La.App. 3rd Cir. 1965); Succession of Savoie, 195 La. 433, 196 So.2d 923 (1940); King v. King, 253 So.2d 660 (La. App. 1st Cir. 1971), writ refused 260 La. 128, 255 So.2d 353; Martin v. American *619 Benefit Life Insurance Company, 274 So.2d 442 (La.App. 1st Cir. 1973). In the instant case, no final judgment on the merits with regard to the expenses of the May hospitalization was rendered until the signing of the judgment now before us. We conclude this issue is properly before us.
By the plain words of the statute, an employer is bound to "furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal." La.R.S. 23:1203. The claimant contends in her brief that "necessary" means any expenses flowing from or related in any way to the accident. She relies primarily on Mitchell v. K-Mart Enterprises of Louisiana, 319 So.2d 826 (La.App. 1st Cir. 1976), where the trial court's allowance of the total medical expenses claimed was affirmed, although admittedly high. The court was careful to point out that "the award of medical expenses must be limited to those made necessary by the accident." and simply found that the evidence was sufficient to justify the trial court's conclusion. Plaintiff further cites Dyson v. Travelers Insurance Company, 256 So.2d 468 (La.App. 4th Cir. 1972); McKnight v. Clemons, 114 So.2d 114 (La.App. 1st Cir. 1959); and Rushing v. Employers Liability Assurance Company, 129 So.2d 576 (La.App. 2d Cir. 1961), all of which held expenses for diagnosis and medical treatment are allowable where attributable or related to the accident. In none of the above cited cases, however, was the question raised as to whether said expenses were actually necessary.
In Gourdon v. Rockwood Insurance Company, 368 So.2d 1156 (La.App. 3rd Cir. 1979), this court considered the question of whether or not medical expenses were allowable under the Workmen's Compensation Statute when incurred in the treatment of pain, as opposed to treatment for the purpose of curing the disability. We observed that an employee is entitled under R.S. 23:1203 to both "necessary medical and non-medical treatment which will serve to cure his disability" and "all such treatment as is necessary to relieve the pain" suffered as a result of the disability. (Emphasis supplied) It was further stated that "We assume that [the trial judge] concluded on the basis of the evidence presented that the treatments received by the plaintiff were both beneficial and necessary. We discern no manifest error in this conclusion."
The First Circuit, in Lanieux v. Iberville Services, Inc., 391 So.2d 1282 (La.App. 1st Cir. 1980), recently held that a workmen's compensation claimant was not entitled to all medical expenses arising from the accident but only those which were necessary. Only those expenses which had been allowed by the trial judge were found to be necessary, and the trial court's judgment was affirmed.
In the present case, the medical expense at issue on this appeal is that incurred at Touro Infirmary from May 8, 1980 to May 17, 1980, during which time Dr. Brown hospitalized the claimant for additional tests. The defendant paid for a CAT scan and a bone scan, both of which were negative, but neither of which had been previously performed, but it refused to pay for the hospital costs or for other tests which had been previously performed and were negative on both occasions. The trial judge disallowed all of this May medical expense. As to the hospitalization, he accepted the testimony of Dr. Haddad that the bone scan and the CAT scan could have been performed without hospitalization and the hospitalization for the other tests which were repetitive and negative was not necessary. Under the above cited jurisprudence, this finding as to whether the unpaid May medical expense was necessary was a question of fact. The trial judge was not clearly wrong in concluding as a fact that these expenses were unnecessary.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.