NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-607 consolidated with 14-635, 14-317, and 14-95

MAURICE FONTENOT, ET UX

VERSUS

JARRED LEVAR STEVENS, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-1900
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

REMANDED WITH INSTRUCTIONS.

Steven Broussard
Randall Earl Hart
Broussard & Hart, LLC
1301 Common St.
Lake Charles, LA 70601
(337) 439-2450
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Maurice Fontenot
    Susan Melton Fontenot

**Michael Royce Sistrunk**
**Matthew J. Garver**
**Lou Anne Milliman**
**Lynda A. Tafaro**
**McCranie, Sistrunk, Anzelmo, Hardy,**
      **McDaniel & Welch, LLC**
**195 Greenbriar Blvd, Suite 200**
**Covington, LA 70433**
**(504) 831-0946**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
      **Republic Fire and Casualty Insurance Company**
      **Carl's Rentals**

**GREMILLION, Judge.**

Movers, Susan Melton Fontenot and Maurice Fontenot, filed the present "Motion to Dismiss Undocketed Appeal," seeking to have the consolidated matter, bearing this court's docket number 14-635 entitled *"Maurice Fontenot, et ux v. Jarred Levar Stevens, et al."* dismissed because respondents, Carl's Rentals and Republic Fire and Casualty Insurance Company, failed to perfect their appeal in a timely manner.

The procedural chronology presents a somewhat confusing situation. The underlying suit, filed in April 2009, was tried on May 6-12, 2013. The jury returned a verdict for the movers in the amount of $500,500.00. To date, no judgment memorializing the jury's verdict has been presented to the trial court for signing. However, movers filed a motion for judgment notwithstanding the verdict (JNOV) on May 24, 2013, which the trial court granted on August 13, 2013. Notice of this judgment was mailed by the clerk of court to all parties on August 21, 2013. On September 3, 2013, respondents filed a motion to recuse the trial court judge and for new trial on movers' motion for JNOV, or, alternatively, for new trial.

Respondents' motion to recuse involved statements allegedly made by the trial judge during a pretrial conference held on May 1, 2013, in which he expressed an opinion on the value of movers' claims and that he would increase such award if the jury returned a verdict less than that he felt was appropriate.[1] This motion was denied by the trial judge the day it was filed. Thereafter, a different judge of the district court took up the motions. That judge denied the motion to recuse the

---

[1] This allegation seems to bear some validity, as the conversation was memorialized in correspondence from movers' counsel to respondents' counsel dated the same day as the conference.

original trial judge and held that the motions for new trial on the movers' JNOV or, alternatively, new trial on the jury verdict, were not timely filed; thus, the trial court lacked jurisdiction to hear them.

Motions for JNOV are governed by La.Code Civ.P. art. 1811. It provides, in pertinent part:

> A. (1) Not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment under Article 1913, a party may move for a judgment notwithstanding the verdict. If a verdict was not returned, a party may move for a judgment notwithstanding the verdict not later than seven days, exclusive of legal holidays, after the jury was discharged.
>
> (2) A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.
>
> B. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or render a judgment notwithstanding the verdict. If no verdict was returned, the court may render a judgment or order a new trial.
>
> C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
>
> (2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
>
> (3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
>
> D. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972 and 1973. The motion for a new trial shall be filed no later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of the signing of the judgment notwithstanding the verdict under Article 1913. The motion shall be served pursuant to Articles 1976 and 1314.

We initially note that the movers' motion for JNOV was prematurely filed. No judgment has ever been signed from the jury's verdict. Accordingly, the delays for such a motion never ran. Under La.Code Civ.P. art. 1913(A), notice of the signing of a final judgment is *required* in all contested cases. Such a notice "*shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.*" *Id*. (Emphasis added). Until the notice of judgment is mailed, the delays for filing a motion for JNOV do not commence. La.Code Civ.P. art. 1811(A)(1).

Article 1911 of the Louisiana Code of Civil Procedure requires that every final judgment be signed by the judge, and that no appeal may be taken from a final judgment until that requirement is fulfilled. *See Brock v. Police Jury of Rapides Parish*, 198 La. 787, 4 So.2d 829 (1941) and *Succession of Savoie*, 195 La. 433, 196 So. 923 (1940). "It is well settled that no appeal lies from a final judgment before it is signed. In such a case the judgment is inchoate and the appeal is premature, and will be dismissed by this court ex proprio motu." *Succession of Savoie*, 196 So. at 924.

Similarly, La.Code Civ.P. art. 2083(B), which discusses those judgments that may be appealed, provides that "[i]n reviewing a *judgment* reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict." (Emphasis added).

An *in pari materia* interpretation of these provisions leads to the inevitable conclusion that there is no final judgment in the present matter. The judgment granting the JNOV is null on its face.

We note that our colleagues of the fifth circuit have addressed a similar issue. In *Input/Output Marine Systems, Inc. v. Wilson Greatbach, Technologies, Inc.*, 10-

3

477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, the court of appeal dismissed the parties' appeals for lack of jurisdiction when the underlying judgment from the jury's verdict lacked the formal requisites of a judgment. Realizing an error had occurred, counsel submitted a second judgment that met the formal requisites. However, the first judgment was never rescinded or reformed. Accordingly, the court of appeal lacked jurisdiction.

If the court lacks jurisdiction when a judgment was defective, this court certainly lacks jurisdiction when *no* judgment was entered. Accordingly, we remand the matter to the trial court with instructions that it enter a judgment in conformity with the jury's verdict. All costs of these proceedings are taxed to movers, Maurice Fontenot and Susan Melton Fontenot.

**REMANDED WITH INSTRUCTIONS.**