802 So.2d 1285 (2001)
James WALKER et ux.
v.
CLARENDON NATIONAL INSURANCE CO. et al.
No. 2001-C-2338.
Supreme Court of Louisiana.
December 14, 2001.
*1286 PER CURIAM.[*]
This per curiam addresses whether the court of appeal properly considered an issue raised by the plaintiffs-appellees in their brief, and not by a cross-appeal or answer to the appeal.
Plaintiffs filed the instant suit seeking uninsured motorist ("UM") coverage from Clarendon National Ins. Co. ("Clarendon"). Subsequently, plaintiffs moved for a declaratory judgment on the issue of UM policy limits. The trial court granted plaintiffs' motion for declaratory judgment, finding Clarendon's policy provided UM coverage at the time of the accident at issue in the amount of $500,000.
Clarendon appealed this declaratory judgment, arguing that UM coverage was limited to $20,000. Plaintiffs did not appeal nor answer Clarendon's appeal. However, plaintiffs in their brief urged in the court of appeal that the policyholder failed to execute a new UM form after an endorsement to the policy was issued, and as a result they were entitled to $1,000,000 in UM coverage, rather than $500,000 as the trial court had held.
After addressing at length the merits of the issue raised in brief by plaintiffs-appellees, the court of appeal found that absent a new UM rejection form, the UM policy limits would be $1,000,000. The court of appeal then remanded the case to the trial court for consideration of plaintiffs' argument. Clarendon now seeks review in this court, contending that the effect of the court of appeal's ruling is to grant plaintiffs affirmative relief, even though plaintiffs, as appellees, never appealed nor answered Clarendon's appeal.
It is well established that a party who seeks to have a judgment of a trial court revised, modified, set aside, or reversed must file an appeal. See La.Code Civ. Proc. art.2082. An appellee who desires to have the judgment modified, revised, or reversed in part must answer the appeal. See La.Code Civ. Proc. art. 2133. In the instant case, plaintiffs did not file their own appeal, nor did they answer Clarendon's *1287 appeal. In the absence of an appeal or answer to the appeal, they are not entitled to have the trial court judgment modified, and it was clear error for the court of appeal to entertain plaintiffs-appellees' argument raised in brief, rather than in an appeal or answer to the appeal.
Accordingly, this writ is granted in part. That portion of the court of appeal's judgment remanding the case for a determination of whether the policyholder failed to execute a new UM form is vacated and set aside. In all other respects, the writ application is denied. The case is remanded to the trial court for further proceedings.
VICTORY, J., concurs with reasons.
VICTORY, J., concurring with the Court's action to revise part of the court of appeal's judgment, but would further grant the applicant's writ and docket for briefing and argument.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.