| .CARTER, C.J.
In this workers’ compensation case, defendant/appellant, JD’s Trucking Company, Inc., appeals a judgment rendered by the Office of Workers’ Compensation Administration (the OWC), awarding benefits to its employee despite a finding that the employee had violated LSA-R.S. 23:1208.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Plaintiff/appellee, Clarence Chapman, filed a disputed claim for compensation with the OWC, alleging that he suffered injuries in an eighteen wheeler collision. At trial, Chapman testified that on October 15, 1998, he was in the process of hauling a load from either North or South Carolina to Louisiana. Chapman pulled off the highway in Clinton, Mississippi. As Chapman merged back on to the highway, the eighteen wheeler he was driving was struck from behind by another eighteen wheeler.
On the disputed claim form, Chapman listed his employer as JD’s Trucking and Jack Clifton Trucking.[2] At trial, a primary issue was the identity of Chapman’s employer. Other issues included whether Chapman had an accident or suffered injury within the course and scope of his employment, the nature and extent of his disability, and the applicability of LSA-R.S. 23:1208.
The workers’ compensation judge (WCJ) determined that JD’s Trucking was Chapman’s direct employer and that Chapman was injured in the course and scope of his employment on October 15, 1998. The WCJ found that Chapman’s weekly wage was $362.36 and awarded supplemental earnings benefits (SEBs) at the rate of $241.57 per week for six weeks plus interest. Chapman’s indemnity benefits were *482 increased by 50% due to the failure of JD’s Trucking to provide workers’ compensation insurance coverage. The WCJ awarded medical expenses in the amount of $750 to each of three medical providers, but denied any other demands for payment by those [.-¡providers. Chapman was awarded out-of-pocket prescription expenses in the amount of $107.81 plus interest. Claims for penalties or attorneys’ fees by Chapman and JD’s Trucking were denied. The WCJ found that Chapman and JD’s Trucking each violated LSA-R.S. 23:1208, thereby extinguishing any claims against each other. Finally, the WCJ found that the accident aggravated a pre-existing medical condition and ordered Chapman to submit to an independent medical examination at the expense of JD’s Trucking.
From this adverse judgment, JD’s Trucking appealed.[3]
FORFEITURE OF BENEFITS UNDER LSA-R.S. 23:1208
In this case, the WCJ determined that Chapman violated LSA-R.S. 23:1208 in that he deliberately made false representations for the purpose of obtaining workers’ compensation benefits. Nonetheless, the WCJ did not enforce the forfeiture provision of this section. JD’s Trucking contends the WCJ erred in awarding SEBs and medical expenses because Chapman fulfilled the elements for forfeiture of benefits under Section 1208.
With regard to forfeiture of benefits, Section 1208E provides, in pertinent part:
Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
(Emphasis added). When used in a statute, the word “shall” is mandatory. LSA-R.S. 1:3.
In Resweber v. Haroil Construction Company, 94-2708 (La.9/15/95), 660 So.2d 7, the supreme court analyzed the legislative history of Section 1208 and stated:
The history of Section 1208 indicates a clear legislative intent to prevent and discourage fraud in relation to workers’ compensation claims, and Section 1208 should not be subjected to a strained interpretation which would undercut that legislative intent.... The legislature has determined workers’ compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to |4make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.
660 So.2d at 12-13 (emphasis added).
The only requirements for disqualification under Section 1208 are: 1) a false statement or representation, 2) which is willfully made, and 3) which is made for the purpose of obtaining workers’ compensation benefits. If these requirements are met, Section 1208 applies and its forfeiture provisions must be enforced. Resweber, 660 So.2d at 14.
*483 Statutory forfeiture of workers’ compensation benefits is a harsh remedy and as such must be strictly construed.. J.E. Merit Constructors, Inc. v. Smith, 2000-2324, p. 7 (La.App. 1st Cir.12/28/01), 806 So.2d 842, 846. The WCJ found that the requirements for disqualification under Section 1208 were met. Thus, it was legal error for the WCJ not to enforce the mandatory forfeiture provision of Section 1208E. We are therefore constrained to reverse the OWC’s judgment insofar as it awards Chapman workers’ compensation benefits. We pretermit discussion of the remaining issues raised by JD’s Trucking, including those raised in its supplemental brief.[4]
CONCLUSION
For the reasons set forth herein, the judgment of the OWC is reversed insofar as it awards Chapman workers’ compensation benefits, including SEBs, indemnity benefits, medical expenses, and out-of-pocket prescription expenses, and orders Chapman to submit to an independent medical examination. Costs of this appeal are assessed to Clarence Chapman.
REVERSED.

. JD's Trucking, as third party plaintiff, confirmed a default judgment against Jack Clifton Trucking Company, ordering that in the event that there be judgment in favor of Chapman and against JD’s Trucking, then there be like judgment over and against Jack Clifton Trucking Company and for full defense with respect to any judgment in favor of Chapman, and against JD's Trucking, including attorneys' fees, interest and costs, and for all general and equitable relief.

. In his appeal brief, Chapman raises the issue of his entitlement to an award of attorneys' fees and penalties due to JD's Trucking’s arbitraiy and capricious failure to pay him workers' compensation and medical benefits. Because Chapman neither appealed nor answered the appeal, we are precluded from entertaining this issue. See LSA-C.C.P. arts.2082 and 2133; see also Walker v. Clarendon National Insurance Co., 2001-2338, p. 2 (La.12/14/01), 802 So.2d 1285, 1286.

. The issue of whether JD’s Trucking willfully made false statements for the purpose of defeating Chapman's workers' compensation claim as found by the WCJ must be determined in conjunction with the penalty provision of Section 1208D. Since Chapman has neither appealed nor answered the appeal, we are prohibited for modifying the judgment in his favor. See LSA-C.C.P. arts.2082 and 2133; TeleRecovery of Louisiana, Inc. v. Rayborn, 2001-0358, p. 7 (La.App. 1st Cir.3/28/02), 814 So.2d 688, 693. Accordingly, we find it unnecessary to determine if the WCJ erred in its finding in this regard.