_]¿McCLENDON, J.
In this workers’ compensation dispute, the claimant, Joyce Jenkins, alleged that she injured her lower back while in the course and scope of her employment as a cook for Country Corner Auto Center, L.L.C. (Country Corner). The workers’ compensation judge rendered judgment in favor of Country Corner. Ms. Jenkins appealed asserting that the workers’ compensation judge erred in finding that Ms. Jenkins failed to meet her burden of proving that a compensable accident occurred. Country Corner answered the appeal alleging that the workers’ compensation judge erred in failing to find that Ms. Jenkins violated LSA-R.S. 23:1208 and in failing to fine Ms. Jenkins.
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Lizana v. Gulf Coast Pain Institute, 03-1672, p. 2 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 764. Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, “[i]f the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
After a thorough review of the record and exhibits in this matter, we cannot conclude that the decision of the workers’ compensation judge was |3manifestly erroneous. Thus, in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.2A(8), the decision of the Office of Workers’ Compensation is affirmed at Ms. Jenkins’ costs.
AFFIRMED.