916 So.2d 243 (2005)
SLIDELL MEMORIAL HOSPITAL
v.
Frank MULL
Frank Mull
v.
Slidell Memorial Hospital
No. 2004 CA 1309, 2004 CA 1310.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*244 Frank A. Bruno, New Orleans, Counsel for Defendant/Appellant Frank Mull.
John A. Keller, Madisonville, Counsel for Plaintiff/Appellee Slidell Memorial Hospital.
Before: GUIDRY, GAIDRY, and McCLENDON, J.J.
McCLENDON, J.
In this workers' compensation dispute, the claimant, Frank Mull, alleged that he hurt his neck and back on December 16, 1999, while in the course and scope of his employment as an emergency room technician for Slidell Memorial Hospital (SMH). *245 SMH paid indemnity and medical benefits from February 10, 2000 to November 7, 2003. On July, 7, 2003, SMH filed a disputed claim form, seeking to suspend benefits and alleging that Mr. Mull failed to cooperate with vocational rehabilitation recommendations. SMH later amended its claim form to request penalties and restitution, asserting that Mr. Mull willfully made false statements in violation of LSA-R.S. 23:1208 for the purpose of receiving workers' compensation benefits. On August 20, 2003, Mr. Mull filed his own disputed claim form seeking reinstatement of benefits. The matters were consolidated and trial was held on February 12, 2004. The workers' compensation judge (WCJ) rendered judgment finding that Mr. Mull failed to meet his burden of proving that he remained disabled as the result of a work-related accident.[1] The WCJ denied all other relief. Mr. Mull appealed asserting that the WCJ committed manifest error in dismissing his claim for the reinstatement of his benefits. SMH answered the appeal asserting error in the WCJ's decision denying SMH's claim that Mr. Mull violated LSA-R.S. 23:1208. We affirm.
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Jenkins v. Country Corner Auto Center, LLC, 03-2221, p. 2 (La.App. 1 Cir. 6/25/04), 886 So.2d 512, 513. Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, "[i]f the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Further, with regard to alleged violations of LSA-R.S. 23:1208, the burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant.[2] Here, the WCJ did not find any willful misrepresentations. The issue of whether an employee forfeited his or her workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Ivy v. V's Holding Co., 02-1927, pp. 9-10 (La.App. 1 Cir. 7/2/03), 859 So.2d 22, 30.
After a thorough review of the record and exhibits in this matter, we cannot conclude that the decision of the workers' compensation judge was manifestly erroneous. Thus, in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2A(8), the decision of the Office of Workers' Compensation is affirmed. Costs are assessed against Mr. Mull and Slidell Memorial Hospital.
AFFIRMED.
GUIDRY, J., dissents in part and assigns reasons.
*246 GUIDRY, J., dissenting in part.
On reviewing the record in this matter, I am troubled by the majority opinion in two respects. First, I note that Mr. Mull initially filed a disputed claim for compensation on March 28, 2000, seeking indemnity benefits. Although the record does not contain an ultimate judgment as emanating from this filing, neither does the record expressly contain any proof that the filing was dismissed without any adjudication of the issue of whether the injuries sustained by Mr. Mull were attributable to the accident at issue. Although it has been acknowledged by the parties that Slidell Memorial paid indemnity and medical benefits, the record contains no proof that such benefits were paid voluntarily or without prior adjudication that such were owed. Accordingly, I believe the record before us to be deficient and would suggest that this matter be remanded to the trial court to hold an evidentiary hearing regarding whether the status of Mr. Mull's injuries as being work-related has previously been adjudicated. If it was previously adjudicated that Mr. Mull had sustained a work-related injury, then the judgment of the WCJ would clearly be erroneous in that the wrong standard and burden of proof were thus applied in this matter. See Snelling Personnel Services v. Duhon, 00-661, p. (La.App. 3rd Cir.11/2/00), 772 So.2d 350, 353; Levickey v. Cargill, Inc., 405 So.2d 615, 617 ("It is well settled that in proceedings for modification of decrees awarding workmen's compensation benefits to an employee, the employer bears the burden of proving, by a preponderance of the evidence, that the condition of the injured employee is favorably altered from what it was at the time of the original adjudication.")
Second, I am troubled by the fact the WCJ found that Mr. Mull did not violate La. R.S. 23:1208, but still held that "inconsistencies in the Claimant's versions of the accident together with contradictory statements regarding onset of pain and prior medical treatment and injuries are detrimental to the [Claimant's] ability to meet his burden of proof in showing his current symptoms are related to a work accident/injury." In so holding, the WCJ did not find that Mr. Mull "failed to meet his burden of proving that he remained disabled as a result of a work-related accident" (emphasis added), as noted in the majority opinion. Rather, the WCJ essentially held that Mr. Mull failed to prove that his complained of injuries were related to the workplace accident at issue. In other words, the WCJ determined that Mr. Mull did not suffer any injuries as a result of the workplace accident, which finding I believe is not supported by the record. Further such a determination would be clearly erroneous if there has been a prior adjudication that Mr. Mull did sustain a work-related injury.
I, thus, respectfully dissent in part from that portion of the majority opinion affirming the judgment relative to Mr. Mull's request for reinstatement of benefits. In all other respects, I agree with the majority opinion rendered herein.
NOTES
[1] Specifically, the WCJ found "vast inconsistencies in the Claimant's versions of the accident together with contradictory statements regarding onset of pain and prior medical treatment and injuries."
[2] Pursuant to LSA-R.S. 23:1208, any willful false statements or misrepresentations made for the purpose of obtaining or defeating any benefit or payment will result in the forfeiture of all workers' compensation benefits. St. Bernard Parish Police Jury v. Duplessis, 02-0632, p. 8 (La.12/4/02), 831 So.2d 955, 959.