952 So.2d 45 (2006)
LIFE FLIGHT OF NEW ORLEANS
v.
Paul HOMRIGHAUSEN.
No. 2005 CA 2538.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
Rehearing Denied February 14, 2007.
*48 Collins Rossi, Covington, for Plaintiff/Appellant, Life Flight of New Orleans.
Craig Robichaux, Mandeville, for Defendant/Appellee, Paul Homrighausen.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
CARTER, C.J.
Life Flight of New Orleans, Inc. ("Life Flight") appeals a judgment of the Office of Workers' Compensation that dismissed its claim under LSA-R.S. 23:1208 and awarded its former employee, Paul Homrighausen, benefits, penalties and attorney's fees and also appointed a vocational rehabilitation counselor.

FACTS AND PROCEDURAL HISTORY
Paul Homrighausen claimed to have injured his back in March 2000, during the course and scope of his employment with Life Flight of New Orleans, Inc. ("Life Flight"), a medical transportation company. Specifically, Homrighausen claimed that on March 4, 2000, while working with another employee to load an isolette[1] into an ambulance, the weight of the isolette shifted and he felt a pulling sensation in *49 his back. The sensation caused discomfort, but he continued to work. Then, on March 10, 2000, he again injured his back while loading an isolette into an ambulance. Homrighausen sought medical attention the following day and did not return to work thereafter.
Life Flight's claims administrator investigated the claim and began paying workers' compensation benefits in the form of temporary total disability benefits ("TTDs"). After further investigation and testing, Homrighausen's benefits were converted from TTDs to Supplemental Earnings Benefits ("SEBs"). Then, in October 2003, upon the belief that Homrighausen had committed fraud, Homrighausen's benefits were terminated.
In December 2003, Life Flight filed a disputed claim for compensation seeking forfeiture of benefits pursuant to LSA-R.S. 23:1208. Homrighausen reconvened, contending that Life Flight is liable for indemnity benefits and medical expenses, as well as for costs, penalties and attorney's fees for arbitrary and capricious termination of benefits and failure to provide vocation and rehabilitation training.
After a hearing, the workers' compensation judge ("WCJ") summarily dismissed Life Flight's 1208 claim. The WCJ took the remainder of the issues under advisement, then, after further consideration, issued a judgment awarding Homrighausen SEBs from November 2003 through June 2004 at a monthly rate of $1,651.20, and thereafter, pending further orders of the court, at a rate of $7.62 per hour. The WCJ awarded Homrighausen $7,500.00 in attorney's fees for Life Flight's arbitrary termination of benefits. The WCJ penalized Life Flight $2,000.00 for premature termination of vocational rehabilitation services and $2,000.00 for wrongful termination of medical benefits. Finally, the WCJ appointed a counselor to provide vocational rehabilitation services and ordered that Life Flight pay for Homrighausen's reasonable and necessary medical care. Life Flight has suspensively appealed.

DISCUSSION

Life Flight's 1208 Claim
Louisiana Revised Statute 23:1208 provides, in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
The statute applies in all circumstances where: (1) there is a false statement or representation; (2) the statement or representation is willfully made; and (3) the statement or representation is made for the purpose of obtaining workers' compensation benefits. Angelo Iafrate Construction Co. v. Herring, 05-1461 (La.App. 1 Cir. 9/1/06), 943 So.2d 487, 490. The issue of whether an employee forfeited his workers' compensation benefits is one of fact, which is not to be reversed on appeal absent manifest error. Slidell Memorial Hospital v. Mull, 04-1309, 04-1310 (La. App. 1 Cir. 6/10/05), 916 So.2d 243, 245.
At the conclusion of the hearing, the WCJ stated:
In sum, credibility can be tarnished, it can be questioned, and it can be done so successfully. But for it to be impugned to the degree arising to the level of 1208, which is a much higher standard, simply *50 was not done today. That standard [has] not been met. And, therefore, I dismiss the 1208 claim.
On appeal, Life Flight argues that these comments by the WCJ indicate he held them to a higher evidentiary standard that is not supported by the jurisprudence. We disagree.
Statutory forfeiture of workers' compensation benefits is a harsh remedy and as such must be strictly construed. Chapman v. JD's Trucking Co., Inc., 01-1568 (La.App. 1 Cir. 7/24/02), 835 So.2d 480, 483. The burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant. Slidell Memorial Hospital, 916 So.2d at 245. After proving a false representation, an employer seeking 1208 forfeiture must prove that the false representation was made willfully and that it was for the purpose of obtaining or defeating any benefit or payment. Revere v. Dolgencorp, Inc., 04-1758 (La.App. 1 Cir. 9/23/05), 923 So.2d 101, 106. The willful misconduct justifying forfeiture consists of more than just a credibility call. Reynolds Industrial Contractors v. Fox, 41,051 (La.App. 2 Cir. 6/28/06), 935 So.2d 783, 790. When considered in context, we find no error in the WCJ's statements regarding the employer's burden of proof on the issue.
Additionally, with regard to the 1208 claim, Life Flight contends the WCJ erred in failing to review the surveillance footage that it offered and was accepted into evidence. During the hearing, various witnesses testified about the surveillance footage and what the footage showed. The special investigator for Life Flight's claims administrator, who made the ultimate decision to terminate Homrighausen's benefits, testified that he would have terminated benefits without the surveillance footage, but believed the footage bolstered their case. In dismissing the 1208 claim, the WCJ stated that, like the special investigator, he did not feel the tapes were relevant enough for him to review before ruling. On appeal, Life Flight contends that by refusing to review all of the evidence it submitted, the WCJ violated his duty to review the entirety of the evidence before him.
The WCJ has great discretion to assign whatever weight he deems appropriate to evidence that has been admitted. Louisiana Workers' Compensation Corporation v. Gray, 34,731 (La.App. 2 Cir. 5/9/01), 786 So.2d 310, 314. In this case, the WCJ assigned no weight to the tapes, but did so before reviewing them. We agree that this was erroneous. The WCJ should have reviewed and considered the tapes. Compare Louisiana Workers' Compensation Corporation, 786 So.2d at 314. However, both Homrighausen and witnesses for Life Flight discussed the contents of the surveillance footage during the hearing. We have reviewed the footage and find that the witnesses' testimony accurately depicts the relevant portions thereof. Thus, while we find that the WCJ erred in refusing to consider the footage, the error was harmless, and did not interdict the WCJ's factual findings, which are reasonably supported by the record.
After reviewing all of the evidence herein, we agree with the WCJ that Life Flight did not prove a 1208 violation. The evidence submitted does not show that Homrighausen willfully made a false representation for the purpose of obtaining workers' compensation benefits.

Reinstatement of Benefits
An employee is entitled to receive SEBs if he sustains a work-related injury that results in the inability to earn ninety percent or more of his pre-injury *51 wage. LSA-R.S. 23:1221(3)(a). The employee bears the burden of proving, by a preponderance of the evidence, that the work-related injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Magee v. Abek, Inc., 04-2554 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 807.
At the outset, Life Flight complains that the pleading Homrighausen filed, by which he requests reinstatement of benefits, is fatally deficient under LSA-R.S. 23:1311 because it does not indicate a date of the accident.[2] However, in this case, Life Flight initiated the compensation proceedings. On its 1008 form, Life Flight lists the date of injury as March 4, 2000. Homrighausen admitted that allegation in his answer and reconventional demand. Further, Louisiana workers' compensation law is to be liberally construed in favor of coverage. Foy-Watson v. General Motors Corporation, 37,106 (La.App. 2 Cir. 5/14/03), 847 So.2d 85, 92. Thus, we find no error in the WCJ's rejection of Life Flight's argument regarding the formal pleading requirements.
A worker's testimony alone may be sufficient to discharge the burden of proving a work-related injury that caused disability, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of co-workers, spouses, friends, or by medical evidence. Barring circumstances that cast suspicion on the reliability of the worker's uncontradicted testimony, the fact finder should accept the testimony as true when determining whether the worker has discharged his burden. If the evidence leaves the probabilities of causation equally balanced, the worker has failed to carry his or her burden of proof. Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. Magee, 934 So.2d at 807.
After reviewing all of the testimony adduced at trial, we cannot say the WCJ was manifestly erroneous in concluding that Homrighausen met his burden of proof. The two Life Flight employees who testified at trial stated they simply did not know if Homrighausen was injured as he claims. Their testimony does not rise to a level that would cast suspicion on Homrighausen's testimony. Moreover, the testimony of Homrighausen's wife and the medical evidence corroborate Homrighausen's claims.
Life Flight does not contest the WCJ's finding that Homrighausen cannot now earn ninety percent or more of his pre-injury wage. Accordingly, we affirm that portion of the judgment awarding SEBs.

Penalties and Attorney's Fees
The WCJ awarded Homrighausen $7,5000.00 in attorney's fees after finding that Life Flight arbitrarily terminated his benefits in October of 2003. Life Flight contends its continuing investigation of Homrighausen's claim yielded sufficient facts to justify terminating compensation benefits.
Louisiana Revised Statute *52 23:1201(I)[3] provides, in pertinent part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.
It is undisputed that Life Flight discontinued payment of SEBs. We have determined that the WCJ was correct in concluding that Homrighausen was entitled to receive SEBs. However, attorney's fees are only awarded when the discontinuance of payments is arbitrary and capricious. Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstance presented, or of seemingly unfounded motivation. The crucial inquiry is whether the employer has articulable and objective reason for discontinuing benefits at the time it took that action. Authement v. Wal-Mart, 02-2434 (La.App. 1 Cir. 9/26/03), 857 So.2d 564, 574. The WCJ's determination of whether an employer or insurer should be cast with attorney fees in a workers' compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Frith v. Riverwood, Inc., 04-1086 (La.1/19/05), 892 So.2d 7, 15.
In this case, Life Flight's claims administrator discontinued benefits based on what it interpreted to be fraud by Homrighausen. The claims administrator's special investigator testified that the decision to terminate benefits was made after learning that Homrighausen was attending classes at Delgado, when he had not informed them he was doing so. Homrighausen explained that Life Flight knew he was attending Delgado noting it was shown on the surveillance footage; however, no representative of the claims administrator asked him about it.
Statutes providing for penalties and attorney's fees are penal in nature and must be strictly construed. Adams v. Burger King, 04-0146 (La.App. 1 Cir. 2/11/05), 906 So.2d 540, 544. In this case, even considering the confusion surrounding Homrighausen's ability to attend school, we cannot say that the WCJ was manifestly erroneous in finding no reasonable basis for Life Flight's discontinuance of his benefits. Thus, the imposition of $7,500.00 attorney's fees is affirmed.
The WCJ additionally penalized Life Flight $2,000.00 for termination of medical benefits and $2,000.00 for termination of vocational rehabilitation services. Life Flight contends these awards are erroneous because the record contains no evidence that Homrighausen requested either medical treatment that was denied or vocational rehabilitation services that were refused. Nonetheless, the record does clearly reflect that Life Flight terminated all workers' compensation benefits in October of 2003. Moreover, we have found no manifest error in the WCJ's conclusion that the termination was arbitrary and capricious. Accordingly, we find no error in these awards and they are affirmed.

Appointment of Vocational Rehabilitation Counselor
Life Flight complains on appeal that the WCJ erred in appointing Cornelius Gorman as Homrighausen's vocational rehabilitation *53 counselor. Life Flight concedes the WCJ's authority to make such an appointment, but complains that Gorman's name was not mentioned until Homrighausen filed his post-trial brief, which precluded them from contesting his appointment. We find no merit in this argument and find no manifest error in the appointment.

Answer to Appeal
Homrighausen has answered Life Flight's appeal and requests that this court increase the WCJ's award of penalties and attorney's fees due to his counsel incurring additional fees and expenses related to the appeal. A workers' compensation claimant is entitled to an increase in attorney's fees to reflect additional time incurred in defending the employer's unsuccessful appeal. Frith, 892 So.2d at 15. Therefore, we award $1,500.00 in additional attorney's fees for work done on appeal.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. We render judgment ordering Life Flight of New Orleans, Inc., to pay Paul Homrighausen an additional $1,500.00, which represents attorney's fees expended on appeal. Costs of this appeal are assessed to Life Flight of New Orleans, Inc.
RENDERED AND AFFIRMED.
McDONALD, J., agrees in part and dissents in part.
McDONALD, J., agreeing in part and dissenting in part.
I agree with the majority except as to affirming the award of $2,000 penalty for termination of medical benefits and a $2,000 penalty for termination of vocational rehabilitation.
NOTES
[1] The testimony at trial established that an isolette is a self-contained device that weighs between two and three hundred pounds, used for transporting infants in a temperature and atmosphere controlled environment.
[2] Louisiana Revised Statute 23:1311 applies to petitions initiating claims for compensation and requires that a petition contain, "[a] statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties."
[3] The law in effect at the time of the violation is the law applicable to the issue of penalties and attorney's fees. Broussard v. Lafayette Parish School Board, 05-575 (La.App. 3 Cir. 4/5/06), 926 So.2d 713, 722, writ denied, 06-1044 (La.6/23/06), 930 So.2d 983.