THERIOT, J.
1 ;>In this workers’ compensation case, Greater Gulf Coast Auto Auctions, Inc. (“GGCAA”), appeals a judgment of the Office of Workers’ Compensation (“OWC”) in favor of claimant, Jerome Salomone, who was employed by GGCAA when he sustained injury. For the following reasons, we affirm in part, reverse in part, and render.
BACKGROUND
On October 4, 2006, Mr. Salomone was injured in the course and scope of his employment when his left foot was run over by a co-worker operating an auction vehicle. Mr. Salomone ceased working on January 9, 2007 and began receiving temporary total disability benefits (“TTD”) of $471.81 per week. While Mr. Salomone’s doctor released him to sedentary work on April 22, 2008, he remained on TTD for the next seventeen months. On May 21, 2009, Mr. Salomone filed a disputed claim form seeking pain management treatment, the right to choose his pain management doctor, and penalties, costs, and attorney fees for GGCAA’s refusal to provide pain management treatment. On August 20, 2009, Mr. Salomone stopped receiving TTD payments and began receiving supplemental earnings benefits (“SEB”) at zero earning capacity on September 21, 2009, equating to a reduction in benefits. GGCAA made this decision based on Mr. Salomone’s doctor’s authorization for him to do sedentary work. On October 6, 2009, Mr. Salomone filed The Injured Employee’s Supplemental and Amended Petition challenging the reduction of Workers’ Compensation benefits, challenging the change in disability status from TTD to SEB, claiming GGCAA failed to timely, authorize medical benefits, and claiming he was entitled to costs, penalties, and attorney fees.
laOn June 21, 2010, GGCAA filed a Motion to Compel Independent Medical Examination. The OWC denied said motion on August 12, 2010, finding it to be a request for a second medical opinion rather than a request for an independent medical examination. A two-day trial commenced on August 3, 2011 and reconvened on August 29, 2011, at which time the hearing officer took the matter under advisement.
A judgment was filed on October 24, 2011, finding in favor of Mr. Salomone, awarding penalties and attorney fees for untimely authorization and arbitrary and capricious discontinuation of benefits, as well as entitling Mr. Salomone to unpaid and underpaid benefits.
GGCAA appealed the judgment and asserts the following assignments of error:
1. The trial court erred in ordering the employer and its insurer to pay for the repair of Salomone’s torn rotator cuff, because undisputed medical testimony established that the rota-tor-cuff tear was not caused by the workplace accident. For the same reason, the trial court erred in penalizing the employer and insurer *1180 $2,000 for failing to reasonably controvert this claim.
2. The trial court erred in penalizing the employer and its insurer $2,000 for alleged untimely approval of psychiatric care for Salomone’s depression and anxiety, because neither Salomone nor any of his mental-health-care providers had ever submitted any records or bills to the employer and insurer’s third-party administrator for payment.
8. The trial court erred in finding that approval of pain management was untimely, because Salomone never needed any approval to change his choice of treating physicians to someone in another field or specialty, and because the employer and insurer’s third-party administrator made a good-faith effort to determine the medical necessity for pain management before approving it.
4. The trial court erred in finding that approval of Salomone’s second ankle surgery was untimely, because this would be Salomone’s second surgery, and thus the employer and insurer’s third party administrator was reasonable in seeking a second opinion before approving this surgery.
|45. The trial court erred in completely denying the employer’s reconven-tional demand with respect to Salo-mone’s frivolous claims because there was never any evidence to support these claims.
6. The trial court erred in awarding Salomone 100% of his attorney-fee claim, because a significant portion of those fees were spent pursuing frivolous claims and other claims reasonably controverted by defendants.
7. The trial court erred in finding that, despite Salomone’s capability of doing sedentary work, his earning capacity was zero when he was not temporarily totally disabled.
8.The trial court erred in awarding interest on attorney’s fees and penalties at the rate in effect on the date Salomone filed his claim, when as a matter of law, interest on penalties and attorney’s fees cannot begin to accrue until the date the penalties and attorney’s fees are awarded.
STANDARD OF REVIEW
In workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC findings of fact is the “manifest error-clearly wrong” standard. Dean v. Southmark Const., 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse those findings even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. See Connor v. Family Dollar Store, 09-1537, pp. 6-7 (La.App. 1 Cir. 3/26/10), 36 So.3d 339, 345, writ denied, 10-0959 (La.6/25/10), 38 So.3d 344. Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly | .¡erroneous. Bolton v. B E & K Const., 01-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35.
ASSIGNMENT OF ERROR NO. 1
GGCAA asserts the OWC erred in requiring GGCAA and its insurer to *1181 pay for the repair of Mr. Salomone’s torn rotator cuff and subsequently penalizing GGCAA and its insurer for failing to reasonably controvert this claim. It is undisputed that Mr. Salomone’s shoulder injury predates the accident at issue in this case. However, a pre-existing injury may still be considered a compensable injury if the employee proves that the accident aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Peveto v. WHC Contractors, 93-1402 (La.1/14/94), 680 So.2d 689, 691. A presumption of causation arises when an employee proves that (1) before the accident, the injured employee had not manifested disabling symptoms; (2) commencing with the accident, the disabling symptoms appeared and manifested themselves thereafter; and (3) there is medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and activation of the disabling condition. Id. at 691.
In the case at issue, Mr. Salomone visited Dr. Hontas (his personal doctor), on April 13, 2006 regarding a shoulder injury. Dr. Hontas treated Mr. Salomone with injections. Mr. Salomone’s last visit with Dr. Hontas was on July 6, 2006. Pursuant to the accident on October 4, 2006, Mr. Salomone was prescribed crutches. On the December 4, 2006 visit to Dr. Van Deventer (GGCAA’s doctor of choice), Mr. Salomone complained of pain in his left shoulder. In January of 2007, Dr. Van Deventer performed an MRI of Mr. Salo-mone’s left shoulder and discovered a torn rotator cuff. On January 29, 2007, Dr. Van Deventer notified GGCAA of his findings. Dr. |fiVan Deventer stated in part, “[I]t is my opinion that the patient’s left shoulder pathology, specifically rotator cuff, though not related to his injury, was significantly aggravated by his convalescence of his foot, specifically the need for crutches.” Dr. Van Deventer recommended shoulder surgery in March of 2007 and again in May of 2007. Mr. Salomone had arthroscopic surgery on August 27, 2007.
Following an extensive review of the record and exhibits in this matter, we are unable to say that the OWC erred in determining that the shoulder injury was aggravated by the accident of October 6, 2006. Furthermore, the OWC did not err in penalizing the employer for failing to reasonably controvert this claim. The OWC made specific findings regarding Dr. Van Deventer’s deposition and those findings are reasonable and supported by the record.
ASSIGNMENT OF ERROR NO. 2
GGCAA asserts the OWC erred in finding GGCAA and its insurer did not timely approve psychiatric care for Mr. Salo-mone’s depression and anxiety and in subsequently penalizing the employer and insurer for said untimely approval.
On September 21, 2010, Dawn Gas-sen, claims adjuster for GGCAA, stated in her notes that she authorized mental health treatment for Mr. Salomone. As of the trial date in August 2011, GGCAA still had not paid for any of the mental health visits. The OWC made specific findings regarding Ms. Gassen’s testimony and the findings of David Hyde, a psychiatric practical nurse, and Leonard Grubstein, a family therapist. The OWC’s decision to penalize GGCAA for failure to timely pay for mental health treatment was reasonable and supported by the record. This assignment of error is without merit.
^ASSIGNMENT OF ERROR NO. 3
GGCAA asserts the OWC erred in finding GGCAA and its insurer untimely approved Mr. Salomone’s pain manage *1182 ment care. On February 26, 2009, Dr. Van Deventer recommended pain management. On May 21, 2009, Mr. Salomone filed his disputed claim form seeking pain management treatment and the right to choose his pain management doctor. Although Dr. Van Deventer was GGCAA’s doctor of choice, GGCAA did not approve pain management until February 18, 2010. The approval was approximately one year from Dr. Van Deventer’s first recommendation and more than nine months after being served with the May 17, 2009 disputed claim. The law provides 60 days to authorize medical benefits, otherwise penalties may be assessed. La. R.S. 23:1201(E) and 1203(E). The penalty assessed by the OWC is reasonable and supported by the record. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
GGCAA asserts the OWC erred in finding GGCAA and its insurer untimely approved Mr. Salomone’s second ankle surgery. GGCAA contends it was reasonable in seeking a second opinion before approving the surgery. •
Louisiana Revised Statute 23:1203(A) obligates employers to furnish to the injured employee any treatment deemed medically necessary. Although La. R.S. 23:1201(E) sets a 60 day window for paying medical benefits, it has been construed to apply to authorizing treatment as well. See Authement v. Shappert Engineering, 02-1631 (La.2/25/03), 840 So.2d 1181, 1186-87. Dr. Van Deventer had recommended Mr. Salomone receive a second ankle surgery on May 4, 2010. The second surgery, according to Dr. [RVan Deventer, was necessary due to the first surgery being unable to alleviate all of Mr. Salomone’s pain and complications with his ankle.
The evidence before the OWC was that after Dr. Van Deventer recommended surgery, GGCAA referred Mr. Salomone to a second orthopedic surgeon for another examination, which Mr. Salomone refused. On June 21, 2010, GGCAA filed its motion to compel examination, which the OWC denied on August 12, 2010. In September of 2010, GGCAA approved the second ankle surgery after a second opinion was rendered without an examination of Mr. Salomone. GGCAA asserts their seeking a second opinion and subsequently filing the motion to compel the examination was not done for the purpose of “doctor shopping.” Accordingly, from our view of the record, we find the OWC was not unreasonable in its ruling that GGCAA was untimely in its authorization of the surgery. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
GGCAA asserts the OWC erred in denying GGCAA’s reconventional demand. The reconventional demand filed by GGCAA states one general cause of action, which alleges plaintiffs original, supplemental, and amended petition have no merit.
The original disputed claim sought pain management treatment and the right to choose a pain management doctor. The Injured Employee’s Supplemental and Amended Petition, filed October 6, 2009, challenged the reduction of workers’ compensation benefits, challenged the disability status of Mr. Salomone, and alleged GGCAA failed to timely authorize the payment of medical benefits. Since the OWC ruled in favor of the claimant on all of the allegations enumerated in the original disputed claim and all of the allegations enumerated in The Injured Employee’s Supplemental and 1 ¡Amended Petition, the record supports the OWC’s denial of GGCAA’s reconventional demand. This assignment of error is without merit.
*1183 ASSIGNMENT OF ERROR NO. 6
GGCAA asserts the OWC erred in awarding Mr. Salomone 100% of his attorney fee claim. Louisiana Revised Statutes 23:1201(F) allows for reasonable attorney fees for each disputed claim. Mr. Salo-mone needed the OWC’s assistance to pay for pain management treatment, to have medical benefits paid, to obtain approval for second ankle surgery, to obtain mental health treatment, and to change the disability status. The OWC ruled in Mr. Salomone’s favor on all of the above issues. The OWC is well within reason to award attorney fees, and the amount awarded is not an abuse of discretion. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 7
GGCAA asserts the OWC erred in finding that Mr. Salomone’s earning capacity was zero when he was not totally temporarily disabled. The accident happened on October 4, 2006. Mr. Salomone continued working at sedentary duty with GGCAA until January 2007, at which time GGCAA sent Mr. Salomone home to recuperate and began paying TTD benefits. The first foot surgery occurred on February 26, 2008. Mr. Salomone was at TTD status from February 26, 2008 until December 29, 2008. From December 29, 2008 until July 24, 2009, Mr. Salomone’s status was SEB due to his ability to perform sedentary duty. Mr. Salomone cooperated with vocational rehabilitation to find a job; however, despite his efforts and cooperation, he was unable to find employment.
The OWC found that Mr. Salomone was TTD as of July 24, 2009 to the date of the hearing based on mental disability. The OWC also found that Mr. Salomone has been physically totally, temporarily disabled since May 4, |in2010 (date of second ankle surgery). Upon reviewing the entirety of the record, including the depositions and exhibits, we cannot find the OWC was erroneous in its findings. Therefore, the findings of the OWC regarding Mr. Salomone’s earning capacity is affirmed.
ASSIGNMENT OF ERROR NO. 8
GGCAA asserts that the OWC erred in applying an incorrect judicial interest rate to the award of attorney fees and penalties. Louisiana Revised Statutes 23:1201.3 provides judicial interest on compensation shall commence from the date the compensation is due. La. R.S. 23:1201.3(A). Attorney fees and penalties are not compensation within the meaning of La. R.S. 23:1201. See Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 6 (La.7/1/97), 696 So.2d 1382, 1386. Judicial interest on penalties and attorney fees in workers’ compensation cases are not to be calculated from the date of judicial demand, but rather from the date of the hearing officer’s award of fees and penalties. Id. at 1388-1389. The award was granted on October 24, 2011. Judicial rate of interest on that date was established by the Louisiana Supreme Court at 4%. The hearing officer erred as a matter of law in granting 5.5% interest on the award of penalties and attorney fees. The OWC findings regarding the rate of interest are hereby reversed and interest on penalties and attorney fees are hereby set at 4% from the date of the award.
In Mr. Salomone’s answer to this appeal, he requests costs and attorney fees to be awarded in his favor for his expenses incurred in opposition of this appeal. We find Mr. Salomone to be successful in opposing all but one of GGCAA’s assignments of error, and we find an award of $1,500 in attorney fees to be appropriate. See Life Flight of New Orleans v. Homrighausen, 05-2538, p. 10 (La.App. 1 Cir. *1184 12/28/06), 952 So.2d 45, 53, writ denied, 07-0558 (La.5/4/07), 956 So.2d 615.
CONCLUSION
The findings of the OWC in the case at issue were reasonably based on the evidence presented, and we do not find them to be manifestly erroneous, clearly wrong, or an abuse of discretion, except for the calculation of interest on the award of attorney fees, which we hereby set at 4% from the date of the hearing officer’s award of attorney fees. For the above reasons, we affirm the OWC trial court in part and reverse in part. We award $1,500.00 in attorney fees to Jerome Salo-mone. Costs for this appeal along with the $1,500.00 in attorney fees are assessed to the appellants, Greater Gulf Coast Auto Auctions, Inc. and American Home Assurance Co.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.