NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-403

STATE OF LOUISIANA

VERSUS

NATHAN ROSS PORTER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-FC-546
HONORABLE SUSAN LORNA THEALL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

AFFIRMED.

Nathan Ross Porter
713 Louis Arceneaux Rd.
Lafayette, LA 70507
(337) 371-9989
PRO SE DEFENDANT-APPELLANT

Donald D. Landry
District Attorney, Fifteenth Judicial District
Desiree G. Dangerfield
Assistant District Attorney
P. O. Box 2609
Lafayette, LA 70502
(337) 232-0751
COUNSEL FOR PLAINTIFF- APPELLEE:
    State of Louisiana

**PICKETT, Chief Judge.**

The appellant, Nathan Ross Porter, appeals a judgment of the trial court terminating the judgment of support enforcement effective April 2, 2017, and setting the arrears due as of that date at $8,782.44.

## FACTS

By judgment dated June 25, 2008, Mr. Porter was ordered to pay child support for his minor child with Devonda Peak in the amount of $197.00 plus a five percent administrative fee, commencing on April 1, 2008, pursuant to a stipulated judgment. On that same date, the trial court issued an Immediate Income Assignment Order. A second child of this relationship was born in June 2008, whom Mr. Porter later acknowledged as his child. Mr. Porter failed to make payments as required, and was held in contempt of court in April 2010, with arrears of $2,754.95 due. His sentence of ninety days in parish jail was suspended pending payment of arrears pursuant to a payment plan. In November 2011, the trial court found that Mr. Porter failed to pay his obligation as required. The court found he was in arrears in the amount of $3,700.75. Execution of the ninety-day jail sentence was delayed if he paid $466.20 within two weeks. Mr. Porter again failed to comply with the order to pay child support, and on February 15, 2012, he was ordered to pay $2,000.00 within two weeks or turn himself in to serve the ninety-day sentence.

By ex parte order dated April 26, 2017, Mr. Porter was granted custody of his two children. Mr. Porter took no steps at this time to suspend his support obligation.

On July 9, 2018, the state filed a Motion and Order for a Hearing to Suspend Ongoing Child Support and for Collection of Arrears. The motion sought that the

support payments be suspended because Mr. Porter had been granted custody of the minor child. The motion further sought to collect any arrears owed.

Following a hearing on October 6, 2021, a hearing officer recommended that child support be terminated effective July 1, 2018, with arrears to be determined by the Department of Children and Family Services. On October 25, 2021, Mr. Porter filed an exception to the hearing officer's recommendation. The exception was scheduled to be heard by the trial court on February 3, 2022, but was continued so that Mr. Porter, represented by a public defender, could retain his own attorney. When the hearing continued on March 24, 2022, Mr. Porter was still represented by the public defender. Following the introduction of evidence and arguments, the trial court granted Mr. Porter's exception to the hearing officer's recommendation. It ordered child support be terminated effective April 2, 2017, the date Mr. Porter obtained custody of the two children. The trial court set the amount of the arrears due at $8,782.44.

Mr. Porter, representing himself, now appeals that judgment.

## ASSIGNMENT OF ERROR

Mr. Porter asserts three arguments in his brief:

A. The Court/Court reporter's integrity, inaccuracy of minutes for 2/3/2022 and 3/24/2022 and lack of transparency.

B. Ineffective assistance of counsel; inability to introduce evidence and raise issues during said time period of arrears.

C. Family Court Judge and State of Louisiana failure to perform duties and obligations. Malicious prosecution/coercion/conflict of interest.

## DISCUSSION

In the argument on his first assignment of error, Mr. Porter complains that the minutes from the February 3, 2022, hearing do not include an accurate transcription of a statement he made in open court. Mr. Porter argues that his

statement should have been included because it was the basis for the alleged bias the trial court and counsel for the state later exhibited. The record does not include a transcription of that hearing. According to the minute entry, the only action taken by the trial court that day was to continue the hearing for Mr. Porter to retain counsel. Mr. Porter also argues that certain off-the-record statement were not transcribed and should have been included in the transcription of the March 24, 2022, hearing.

"An appellate court shall render any judgment which is just, legal, and proper **upon the record on appeal**." La.Code Civ.P. art. 2164 (emphasis added). A court of appeal cannot review evidence that is not in the record on appeal, nor can it receive new evidence. *Reese v. Dresser Valve Indus.*, 10-241 (La.App. 3 Cir. 10/6/10), 48 So.3d 406. It would be improper for this court to consider off-the-record statements or items not filed of record. This assignment of error lacks merit.

Mr. Porter's argument regarding his second assignment of error likewise includes references to alleged mistreatment and molestation of the minor children in Georgia by Ms. Peak. There is no evidence included in this record to support the specifics of these claims, except that the Georgia authorities removed Mr. Porter's children from Ms. Peak's custody, and since that time the children have been in the custody of Mr. Porter. Mr. Porter argues his appointed attorney should have subpoenaed records from Georgia and introduced these facts into evidence.

We find no merit in the argument his attorney was ineffective for failing to subpoena records from Georgia, as we find those records are immaterial to the question of his obligation under the support enforcement order. At the time Mr. Porter gained custody of his children, he had accumulated significant arrearages because of his failure to pay his court-ordered child support. The law is clear that

3

when a court terminates an order requiring a defendant to pay child support to the Department of Children and Family Services, the court can collect any overdue or unpaid arrearages owed under the order at the time it is terminated. *See* La.R.S. 46:236.7. When the state filed its pleading seeking suspension of Mr. Porter's child support obligation on July 9, 2018, it specifically reserved the right to collect the child support Mr. Porter owed until that date. "Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand." La.R.S. 9:315.21. The trial court erred by terminating the support obligation in April 2017, but for reasons discussed below we will not recognize that error.

Finally, Mr. Porter argues that the trial court has a conflict of interest, that his appointed attorney was incompetent in her representation, and that the state is "using tactics of coercion for profit." He argues that the state should have used its discretionary authority to dismiss his arrearages. Mr. Porter cites no law to support this contention. As noted above, the trial court has no discretionary authority to dismiss the arrearage.

In his prayer for relief, Mr. Porter seeks an order from this court demanding an investigation by the state to protect Ms. Peak's other children from abuse. This court lacks the jurisdiction and authority to issue such an order. Mr. Porter also seeks a new trial at which new evidence can be introduced. Mr. Porter has provided no legal or factual error in the trial court to support a reversal of the trial court's judgment. In the alternative, he requests that this court order the arrearages he owes placed in an educational trust to be used for non-educational purposes. Again, this court lacks the authority under law to issue such an order.

In its brief to this court, the state argues that the trial court erred in terminating Mr. Porter's child support obligation as of April 2, 2017, the date he

gained custody of the children from Ms. Peak, rather than July 2018, the date the state filed the motion to terminate the child support obligation. The state asks this court to modify the award. The state did not file an appeal to the trial court's judgment, nor has it answered the appeal file by Mr. Porter.

> It is well established that a party who seeks to have a judgment of a trial court revised, modified, set aside, or reversed ***must*** file an appeal. *See* La.Code Civ. Proc. art.2082. An appellee who desires to have the judgment modified, revised, or reversed in part ***must*** answer the appeal. *See* La.Code Civ. Proc. art. 2133.

*Walker v. Clarendon Nat'l Ins. Co.*, 01-2338, p. 2 (La. 12/14/01), 802 So.2d 1285, 1286. Therefore, we cannot address the merits of the state's argument.

## CONCLUSION

The judgment of the trial court is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.